1838.

Holden
v.
Gilbert.

HOLDEN *vs.* GILBERT.

Where a mortgage, payable by instalments, contained a power of sale of the premises if any instalment of principal or interest remained unpaid for 30 days after it became due ; the surplus arising from such sale to be paid to the mortgagor after deducting the interest and costs, and the whole debt secured by the mortgage ; *Held* that this clause was only intended to authorize a statute foreclosure, in case of the non-payment of the instalments within the time prescribed, and with the right to retain for the whole debt in case the instalment and costs were not paid before the sale ; but that it did not make the whole debt due and payable by a mere neglect to pay the instalment within the time prescribed.

A set-off may be allowed in a foreclosure suit, under the provisions of the revised statutes. But the debt which is sought to be set-off must be one which was due and payable at the time of the commencement of the suit. And to enable the defendant to avail himself of such set-off, if it is not liquidated by judgment, he must appear and set up such defence, either by plea or answer to the bill.

A judgment at law against the complainant in favor of the defendant in equity may be offset, on motion, against a decree in equity, in favor of the complainant against such defendant, for the payment of money due upon a mortgage.

But a court of equity will not permit a defendant to offset against the complainant, in a suit in that court, a demand against him as a mere surety for the debt of a third person, for which the defendant has security upon a fund belonging to the principal debtor, sufficient to satisfy the debt.

August 21.

THIS case came before the court upon a bill of foreclosure taken as confessed against the defendant, for a final decree upon the master's report of the amount due ; and several questions were raised as to the construction of the bond and mortgage, relative to the payments of principal and interest and as to how much had become due. A petition was also presented, on the part of the defendant, for leave to offset a judgment which he had purchased subsequent to the filing of the bill, against the complainant and another person for whom the complainant was surety ; and also for leave to offset three notes purchased by the defendant, and which the complainant had endorsed as surety for the drawer, but which notes had not yet become due and payable. The mortgage was conditioned for the payment of $4000 with interest in four equal annual instal-

ments from the 29th of October, 1836; with a power of sale in case of the non-payment of the $4000, or of any instalment and the interest thereon for the space of *thirty days* after the same became due; the surplus arising from the sale, if any, to be paid to the mortgagor after deducting the costs and charges of the sale *and also the whole sum of* $4000 *and interest not paid.* It appeared by the affidavits of the complainant, in opposition to the defendant's petition for an offset, that the judgment debt and the notes had been secured, by an assignment, made by the real debtor, to the defendant and others as assignees for the benefit of his creditors, and that the judgment was among the preferred debts; and that an execution had also been taken out on the judgment and levied upon real estate of the complainant in this suit, more than sufficient to satisfy the judgment debt.

*J. Rhoades*, for the complainant. At the time of the default the defendant had no claim against complainant if he has now. He was not then the owner of the judgment and notes. It is a fair inference that he borrowed the notes of Grant to defeat the complainant's suit. The three notes are not yet due, and as to them they are therefore out of the question. The judgment is provided for by the assignment; so are the notes. The whole mortgage money is by the condition of the mortgage now due. The complainant has a right to sell the premises and retain his whole debt, interest and costs. The assigned property is the primary fund for the payment of the judgment and notes. The complainant was a mere accommodation endorser, and should not be compelled to pay them until the defendant has exhausted this primary remedy. The amount due on the notes is not liquidated; they are not therefore a subject of set-off. (*Dunkin* v. *Vandenbergh,* 1 *Paige,* 624.) The defendant does not pray in his petition nor ask in his notice that he may be allowed to put in an answer and claim a set-off. If the defendant is a bona fide assignee of the judgment and notes, he took them subject to all equities as between the complainant and Grant. (2 *Vern.* 692, 765. 1 *Ves.* 123. 1 *Eq. Cas. Abr.* 44, 45. *Clute* v. *Robinson,* 2 *John. Rep.* 595,

*in error.*) Equity would not allow Grant to exact payment from the accommodation endorser until the primary fund was exhausted. Uncertain damages are not a subject of set-off. (*Duncan* v. *Lyon*, 3 *John. Ch. Rep.* 351. *Livingston* v. *Livingston*, 4 *Id.* 292.) The following also are cases in point: *Green* v. *Darling*, 5 *Mason*, 201. *Pierson* v. *Meaux*, 3 *A. K. Marsh.* 6. *Hackett* v. *Connett*, 2 *Edw.* 73. *Wythe* v. *O'Brien*, 1 *Sim. & Stu.* 551. *Dangerfield* v. *Rootes*, 1 *Munf.* 529. The defendant can have no relief under his general prayer, inconsistent with the relief specially prayed for. (*Colton* v. *Ross*, 2 *Paige*, 396.)

*S. Stevens*, for the defendant. There is but one instalment due on the mortgage. The true construction of the condition of the mortgage is, that if the property is sold in consequence of the non-payment of any instalment, the mortgagee may retain the whole amount of mortgage money. But if the defendant should now pay or otherwise satisfy the first instalment, the mortgage could not be foreclosed for the residue. The judgment owned by defendant is sufficient to satisfy the instalment now due. There is no more objection to applying to the court for the set-off of this judgment after a decree pro confesso than there would be to bring money into court to extinguish the mortgage and costs. The notes can be applied on the other instalments as they become due. The prayer is abundantly sufficient to embrace all the relief necessary in the case.

THE CHANCELLOR. The master was clearly right in the conclusion at which he arrived, on the reference, that only one instalment of $1000, and the interest on that instalment, has become due. The provision in the power of sale, giving the right to advertise and sell after a default for thirty days in paying the instalments and interest, and the authority, in case of such sale, to retain the whole principal and interest due and to become due, do not change the construction of the mortgage as to the time when the payments are to become payable, so as to authorize a suit upon the bond, or a foreclosure of the mortgage in equity. They are only applicable to a proceeding to foreclose by a sale under

the statute, by advertising for six months. If the mortgagee elected to proceed in that way, he must wait thirty days after the instalment became due, before he could advertise; and then if the instalment, with interest and costs, was not paid before the sale, he was to retain the whole mortgage money and interest, although it had not all become payable according to the condition of the bond and mortgage. This latter clause was probably unnecessary; as the mortgagee would have had the right, upon a statutory foreclosure and sale of the whole premises, to retain to the full extent of his mortgage and interest, under a power of sale in the usual form; without a special stipulation to that effect in express terms, as in this case. The complainant therefore is not entitled to an absolute decree of sale for the whole debt. He is only entitled to the usual decree in cases where only a part of the mortgage money has become due, and where the premises are so situated that they cannot be sold in parcels; that is, to sell and to retain the whole amount of mortgage money, and interest and costs, unless the amount now actually become due and the costs of the suit are paid before the sale; with liberty to apply to the court for a sale to satisfy future instalments, when they become due, if the amount now due is paid without a sale.

The remaining question to be disposed of, is the defendant's claim to offset the judgment and the notes which he has purchased since the comemcement of this suit. By the revised statutes set-offs are to be allowed in this court, in suits brought here to recover or obtain the payment of money, in the same manner and with the like effect as in actions at law. And this court has recently decided that a suit in chancery to obtain satisfaction or payment of monies due on a mortgage, is a suit in which such a set-off may be made, by the defendant against whom or whose property the complainant is seeking to obtain a decree for the recovery of the mortgage debt. (*Chapman* v. *Robinson*, 6 *Paige's Rep.* 627.) But no set-off can be allowed in a foreclosure suit, under the provisions of the revised statutes, which could not be offset in analogous cases at law. It is well settled that in actions at law no debt can be offset un-

der the statute, so as to diminish the amount of the judgment to be recovered, unless such debt existed against the plaintiff, in favor of the defendant, at the time of the commencement of the suit, and had then become due and payable. And to avail himself of the set-off the defendant must appear and defend the suit, and plead or give notice of such set-off, so as to enable the adverse party to bring witnesses to contest the claim. In the present case it is not pretended that the defendant was the owner either of the notes, or of the judgment, at the time the subpœna was served in this suit; and neither of the notes had become due at the time when the complainant was entitled to a final decree upon his bill taken as confessed. If there was any agreement on the part of the complainant to have the defendant purchase the notes and judgment, and to receive the same as payments on the mortgage, the defendant should have applied to the court for leave to put in an answer setting up that defence; as it cannot be tried on the conflicting affidavits of the parties.

A set-off of one judgment against another is allowed on equitable principles, upon motion; and I am not prepared to say that, in a proper case, a judgment at law, in favor of the defendant, might not be offset against a decree, in favor of the complainant, for the sale of mortgaged premises to satisfy the debt and costs due to the latter. But in this case it would be wholly inequitable to permit the defendant to offset a judgment which is against this complainant as the mere surety of the other defendant in that judgment, and where the party applying for the offset has in his own hands, as assignee, an ample fund originally belonging to the real debtor, which has been specially appropriated for paying this and other preferred debts. And as to the notes, which are unliquidated debts, and on which the complainant, for aught we now know, may never become liable as endorser, there is no pretence for offsetting them upon motion. If the present instalment with interest and costs is paid, so as to prevent a sale, and the defendant succeeds in obtaining judgments on any of the notes, against the complainant as endorser, in time to meet future instalments before they

are collected by a sale of the mortgaged premises, he will then be permitted to apply, by motion, to offset one liquidated debt against the other, upon equitable principles.

The defendant's petition must therefore be dismissed with costs, to be taxed as costs in the cause. And the complainant must be permitted to take his decree for sale, &c. in the usual form as before suggested.