CRANE *vs.* WARD and others.

A bond and mortgage to secure the payment of money in installments, with interest payable at particular periods, with the further provision that in case a default is made in the payment of any installment of principal or interest, for ninety days after the same became due and payable by the condition of the mortgage, that then the whole principal sum should be deemed due and payable, upon the happening of a default in any payment, and a lapse of ninety days, becomes wholly due, and the master in computing the amount should treat the whole principal as due, and the court will decree accordingly.

E. G. SPAULDING, for the complainant, moves for the decree in the cause, it being a foreclosure suit upon a master's report, stating the following facts. The bond and mortgage was dated Feb. 8, 1838, conditioned to pay $2,036, in two equal installments, one half in four years, and the other half in six years from the date thereof, with interest annually, at 7 per cent. There was also a provision in the bond, by which if default was made in any . of the payments of interest or principal, for the space of ninety days, the whole sum was deemed to be due and payable. Such default had been made, and the master reported the whole sum as now due.

*J. T. Sherwood*, contra, cited 7 Paige, 179 ; 4 Taunton, 227 ; 5 Cowen, 141, 150, 151 ; 1 Henry Blackstone's Rep. 227 ; Comyn on Contracts, 36 ; 17 Wendell, 447 ; 7 Cowen, 307.

THE VICE CHANCELLOR. The cases which are cited, most of them relate to the somewhat nice distinction at common law, as to what language shall

50

Dec. 1840.

Crane
v.
Ward and
others.

be declared in the light of a penalty, and what shall carry a certain sum as liquidated damages. Those cases, and the principles which govern them, seem to me to have no application to this case, Here was confessedly a debt, certain in amount. The entire amount cannot be altered by any construction which may be given to the contract. The *time* of payment is only contingent. The parties to the original contract have unquestionably a right to agree that if the interest upon the money is not paid punctually, the principal shall become due. So they might make any other event the criterion of the time when the principal was to be paid. For instance, they might contend that when the mortgagor sold the land mortgaged, the principal should become due and payable. Upon the sale of the land by the mortgagor, the mortgagee would unquestionably have a perfect right to proceed with the collection of the principal. So in case the time stipulated for the payment of the interest is suffered to elapse without its payment, the mortgagee will have the same right to proceed in the collection of the principal. The court will not relieve the mortgagor from the payment of the principal, according to the tenor of his own agreement.

Noyes vs. Clark, 7 Paige, 179. It does not appear what the origin of this mortgage was, but we know there are many persons who have money, upon the interest of which they are dependent for support. Their necessities require punctuality in the payment of such interest ; and it is for their comfort, as it is their legal right, to stipulate upon loaning such money upon mortgage, for the punctual payment of the interest ; and in default of such

Dec. 1840.

punctual payment, that the principal should be re-stored, that the lender may place it in the hands of a more punctual debtor.   I do not know that such circumstances attend the mortgage in this case—neither is it of any consequence.   Any creditor may require such a stipulation, and if the debtor agrees to it, he must be bound by it.   In case of his wilful neglect to comply with the terms of his own con-tract, he must not look to this court, nor do I think he can look to any court for relief.   In Holden vs. Gilbert, 7 Paige, 208, the terms of the contract were different from this.   The agreement in that case merely provided, that the mortgagee might re-tain the whole principal in case he sold under the power of sale contained in the mortgage.   The pro-vision in that case was evidently framed to meet a different contingency from that presented here.

The master has taken the right view of the case, and his report must be confirmed, and the usual or-der of sale passed.