### Knapp *vs.* Burnham and others.

Upon a bill for the foreclosure of a mortgage payable by instalments, some of which instalments were not due and payable at the time of the decree in the cause, where the master upon the original reference reported that the premises could not be sold in parcels, it is not necessary to obtain another report, upon that subject, previous to the obtaining of another order of sale to pay instalments which have become due subsequent to the decree.

Where a defendant has appeared in a foreclosure suit, he is entitled to notice to attend the master, upon a reference to ascertain the amount due upon instalments which have become payable subsequent to the decree; and the master's report must be filed and confirmed, before the complainant can apply for an order of sale founded thereon, if any of the defendants have attended before the master and brought in objections to his report.

Demands which the defendant, in a foreclosure suit, has purchased against the complainant, subsequent to the commencement of the suit, cannot be offset, on motion, against the amount due upon the mortgage; except where such demands have been liquidated by judgment.

To entitle the defendant in a suit, either at law or in equity, to set off a demand which is not liquidated by judgment or decree, he must have been the owner of such demand at the time of the commencement of the suit against him.

An equitable set-off may be obtained by a cross-bill, where the complainant in the original bill is insolvent, so that the defendant's debt will be lost unless such set-off is obtained.

THIS was an appeal, by the defendants, from a decretal order of the vice chancellor of the seventh circuit. The bill was filed to foreclose a mortgage payable by instalments. The defendants appeared by their solicitor, and suffered the bill to be taken as

confessed for want of an answer. Their solicitor was duly summoned to attend the master, upon the reference to compute the amount due and to become due, and to ascertain and report the situation of the mortgaged premises, and whether the same could be sold in parcels. The master reported an amount then due of about $1500, and two other instalments thereafter to become due. A decree was entered for the sale of the whole premises, unless the amount then due, with interest and costs, should be paid before the day of sale. And the decree contained the usual provision, that if the next instalment was not paid the complainant should be at liberty to go before a master, upon the foot of the decree, and obtain a report of the amount due upon subsequent instalments; with liberty to the complainant to apply to the court for payment. The first instalment, with interest and costs, was paid without a sale. On the 28th of October, 1842, the second instalment having become due, the complainant, without any notice to the solicitor of the defendants, went before the master and obtained an ex parte report, of the amount due upon the second instalment. Upon this report, and upon a petition of the complainant, both of which were served upon the defendants' solicitor, with due notice of the application, the complainant applied for an order of sale to pay the amount which had then become due. In the meantime, however, the defendants had purchased a judgment against the complainant, which the solicitor of the latter allowed as an offset against the amount due upon the second instalment upon the mortgage. On the 26th of October, 1842, two days before the date of the master's report, the defendants became the owners of two promissory notes against the complainant, and also became the assignees of an account against him; all which he refused to allow to be offset. The defendants, therefore, resisted the application of the complainant for a further order of sale, and presented a cross petition, to have the offset allowed. The vice chancellor denied the application to offset the notes and account, and directed the premises to be sold; and that the whole amount of the second instalment, as reported by the master to be due, should be paid out of the proceeds of such sale, after deducting the amount of the

judgment which the complainant's solicitor had allowed as an offset.

*Gardner Lawrence*, for the appellants.

*H. Sheldon & A. Taber*, for the respondent.

THE CHANCELLOR. The objection that the vice chancellor was not authorized to order a sale of the whole premises, because the third instalment had not yet become due, is not well taken. Previous to the entry of the original decree, the master was directed to inquire and report whether the premises could be sold in parcels. Although that report is not before me on this appeal, I must presume he made his report according to the order of reference. And the vice chancellor having, in the original decree, directed that the whole premises should be sold, it is evident the master must have reported that the same could not be sold in parcels. It was not necessary, therefore, to obtain a second report on that subject before the making an order of sale, for the payment of the second instalment.

The appellants are also wrong in supposing that these unliquidated demands which they purchased against the complainant subsequent to the commencement of the suit, were the proper subjects of offset, upon motion or petition merely. Set-offs are to be allowed in equity in the same manner, and with the like effect, as in actions at law. (2 *R. S.* 174, § 43. *Chapman v. Robinson*, 6 *Paige's Rep.* 627.) But to entitle a defendant to a set-off in a suit at law, he must have been the owner of the demand at the time of the commencement of the suit. (*Idem*, 354, § 32, *sub.* 4.) And in a suit at law upon a bond, payable by instalments, the defendant cannot be allowed to offset a demand which became due to him, from the plaintiff, subsequent to the commencement of the suit; even against an instalment upon the bond which has become payable after the right of set-off accrued. The judgment which the defendants had purchased, being a liquidated demand, the justice of which could not be questioned collaterally, was a proper subject of set-off upon

Knapp *v.* Burnham.

motion or petition, either at law or in equity; against a judgment or decree for the payment of money. But a technical objection existed to the offset of the notes and account, in the manner proposed by the defendant; which objection the complainant had a perfect right to interpose in this case. The defendants were not without remedy, however, if they could establish the fact that the complainant was insolvent, so that they could not recover these demands against him by an ordinary suit at law; or if there was any other ground entitling them to equitable relief. But that remedy was by filing a cross-bill, and showing therein the necessity of an offset against the instalment then due upon the mortgage; to prevent injustice. It would be productive of more evil than benefit to permit a mortgagor to buy up counter claims, against the complainant, and to test the validity of such claims upon affidavits. Nor are such unliquidated counter claims a proper subject of consideration, before the master, upon the usual reference to ascertain the amount which has become due, and which remains unpaid, upon the instalments which were not payable at the time of the original decree.

The complainant, however, was himself technically wrong in his proceedings to obtain a decretal order of sale, for the non-payment of the second instalment. A defendant who has appeared in a cause, is entitled to notice of every proceeding therein which may affect his interest injuriously; except in those cases where by the rules and practice of the court he is bound to watch the proceedings, so as to protect his rights without such notice. Here, the defendants were directly interested in the subject matter of this reference to ascertain what was due upon the second instalment of the bond and mortgage. For, upon such reference, they would have the right to show that the instalment had been paid, either wholly or in part. These defendants were also entitled to a summons to attend upon the reference, so that they might see that the interest was correctly computed. And if they attended upon the reference, and made objections to the draft of the master's report, so as to authorize them to except to the same, it would be necessary for the complainant to file the report, and have it duly confirmed; before he could apply to the court for an

order of sale, founded upon such report. The defendants not having had an opportunity to make these objections previously, they had a right to urge this irregularity in opposition to the complainant's petition for an order of sale. The vice chancellor should therefore have denied the application, as irregular and premature; and should have directed the complainant to go again before the master, under the original decree, and that the defendants' solicitor be summoned to attend upon such reference.

This was a mere technical irregularity. But as the complainant also made a technical objection to the set-off, without introducing any affidavit or evidence that the counter claims of the defendants were not justly due, they were perfectly justifiable, in resisting his application by a similar technicality.

The order appealed from must, therefore, be reversed, and the petitions of both parties must be dismissed. But it must be without prejudice to the right of the defendants to file a supplemental bill, and to apply thereon to stay the complainant's proceedings under the decree; and without prejudice to the complainant's right to apply for a new order of sale, upon a regular report of the master of the amount which has become due since the original decree, and which still remains unpaid.

As both parties have failed in part, costs are not allowed to either upon this appeal, or upon the proceedings before the vice chancellor.