Bunce *v.* Reed.

16   347
69h   34
16b        347
84 AD⁷604

## BUNCE *vs.* REED.

Upon a statute foreclosure of a mortgage, an affidavit stating that notice of a sale of the premises on the 1st of March, 1851, was affixed on the door of the court house in the proper county, "the place where courts are directed to be held," on the 7th of December, 1850, is sufficient.

In the computation of time, for this purpose, one day is excluded and the other included.

Where notice is served upon the mortgagor by mail, it need not be deposited in any particular post office, provided it is mailed in this state.

Where a notice of sale claims the interest and a part of the principal, as being due, when in fact the interest only is due, yet if the mortgage authorizes a sale for nonpayment of interest, and the excessive claim is not made for a fraudulent purpose, the sale will not be vitiated.

*It. seems* it is most regular to sell for the whole amount, on a statute foreclosure; especially if the mortgage does not contain an express power to make more than one sale.

Although the statute requires the affidavit of publication of the notice of sale, in a newspaper, to be made by the *printer,* or his foreman or clerk, yet it is sufficient if the affidavit is made by the *publisher.*

The first publication of the notice of sale, under a power in a mortgage, must be at least 84 days or 12 full weeks, before the sale; one day being included and one excluded. And publication must be made in every intervening week, or until the expiration of the time required by statute.

Accordingly *held* that an affidavit stating that notice had been published

" twelve weeks successively, between the 7th day of December, 1850, and the 1st day of March, 1851," was defective.

But when the affidavit of publication is defective, *it seems* an amended affidavit may be filed, acording to the truth of the case; and, as to the mortgagor, at least, the affidavits may be filed at any time.

But the affidavits are not conclusive evidence; and the defendant should have an opportunity to disprove them.

EJECTMENT, tried at the Essex circuit in July, 1853, before Mr. Justice Hand. On the 4th of July, 1848, the defendant gave to J. H. Boyd, a bond with a condition to pay $400 in seven years from date, with annual interest; and a mortgage upon the premises in question to secure the same; with a power of sale in case of default in the payment of the principal or any part thereof, or of the interest or any part thereof, rendering the surplus after deducting what might be then due and costs. On the trial, the plaintiff gave in evidence a notice of sale dated December 7th, 1850, stating that there was then claimed to be due, principal and interest, $469,10; and that the premises would be sold on the 1st of March, 1851. This notice purported to be signed by the mortgagee, and by D. Wilson, his attorney. Also an affidavit of J. F. M. that he affixed a copy on the door of the court house in said county, "the place where courts are directed to be held," on the 7th of December, 1850. Also an affidavit of J. T. that he was a "publisher" of a paper "printed weekly" at Keeseville, in Essex county, called the Essex County Republican, and that the notice had been published therein, "twelve weeks successively, between the 7.th day of December, 1850, and the 1st day of March, 1851." Also affidavits of service of the notice; that upon Reed, by putting it in the post office at Whitehall directed to him at Moriah. D. Wilson made this affidavit, and in it he was described as "David Wilson of Whitehall." Also an affidavit of sale to the plaintiff for the sum of $507. It was admitted the defendant was in possession.

_O. Kellogg_, for the defendant, objected, 1. That the affidavit of posting did not show it was posted where the county courts

Bunce v. Reed.

were held.    2. That the affidavit of the time of posting was in-
sufficient, being only 85 days, and that both days should be ex-
cluded.    3. That the affidavit of notice to defendant was insuffi-
cient, as it was not·shown why it was mailed at Whitehall.
4. That it did not appear that any thing was then due on the
mortgage.    5. That the affidavit of publication was not suffi-
cient·; was made by a "publisher," not "printer," &c. ; and
6. That the affidavit did not show that it was published long
enough.    He cited *Anon.* (1 *Wend.* 90 ;) *Cohoes Co.* v. *Goss*,
(13 *Barb.* 137–8 ;) *Laws of* 1842, *ch.* 277 ; 1 *R. L.* 462.

*A. G. White* for the plaintiff, insisted the affidavits were
sufficient; and as to a sale for interest he cited *Klock* v. *Cronk-
hite*, (1 *Hill*, 107.)

HAND, J.    The affidavit of affixing the notice was sufficient.
The statute makes the court house, the "building where the
county courts are directed to be held" in the county of Essex.
(2 *R. S.* 215, § 21.    *Laws of* 1842, *ch.* 277, § 5.)    And it was
done in time.    In the computation, one day is excluded and the
other included.    (*Columbia Turnpike Road* v. *Haywood*, 10
*Wend.* 422.    *Commercial Bank of Oswego* v. *Ives*, 2 *Hill*,
355, *and cases there cited.    Westgate* v. *Handlin*, 7 *How. Pr.
R.* 372, *and cases there cited.    And see Code*, §§ 407, 425.)
The statute requires it to be affixed twelve weeks "prior to the
time therein specified for the sale," and not, like the statute
requiring notice of trial, "at least 14 days before the first day
of court," under which the first day of court was excluded.
(*Small*·v. *Edrick*, 5 *Wend.* 137.)
The notice to the defendant was properly mailed at White-
hall.    The statute does not require that it should be deposited
in any particular post office.    (*Laws of* 1844, *ch.* 346, § 1.)
The rule on this subject, formerly applicable to attorneys and
which has been held to exist under the code, (*Schenck* v.
*McKie*, 4 *How. Pr. R.* 246,) does not apply to a foreclosure
of mortgages by advertisement under the statute.    Perhaps it
should be mailed in this state, for it is a proceeding here, but it

requires no answer, and if there is no fraud or trick, I, see no reason why any particular office must be selected. Besides, in this case, the affidavit is made by "David Wilson of Whitehall," and Mr. Wilson appears as the attorney in the notice. (*And see Laws of* 1844, *ch.* 346, § 2.)

The amount claimed to be due, was too much; no principal being payable until 1855. But the mortgage expressly provided for a sale for non-payment of interest. And if the excessive claim was not made for a fraudulent purpose, it did not vitiate the sale. (*Klock* v. *Cronkhite,* 1 *Hill,* 107. *Jencks* v. *Alexander,* 11 *Paige* 626.) Indeed, it seems at least most regular to sell for the whole amount, on a statute foreclosure. (*Jencks* v. *Alexander, supra. Holden* v. *Gilbert,* 7 *Paige,* 211. *Cox* v. *Wheeler, Id.* 248.) Especially, unless the mortgage contains an express power to make more than one sale.

I think the affidavit of a "publisher" of a paper is good. The statute specifies the printer, or his foreman, or principal clerk. (*Laws of* 1844, *ch.* 346, § 2.) If the publisher is not authorized to make the affidavit, it is extrajudicial, and not evidence of any thing. But, although the words differ in their etymology; and in many respects, in their uses, printer and publisher may be considered as synonymous for this purpose; the latter being within the spirit of the statute.

The most important objection is that in relation to the time of publication. Without sufficient publication, the foreclosure was void, and the plaintiff cannot recover. (*Jackson* v. *Van Valkenburgh,* 8 *Cowen,* 260. *Underwood* v. *Irving,* 3 *Id.* 59. *Jackson* v. *Clark,* 7 *John.* 217. *Corwin* v. *Merritt,* 3 *Barb. S. C. R.* 341.) In *Ronkendorf* v. *Taylor,* (4 *Pet. R.* 349,) it was said, a week is a definite period of time, commencing on Sunday and ending on Saturday; and under a statute requiring publication to be " once a week" for three months, it was held to be sufficient if the publication was on any day of each week. One interval, in that case, was 11 days. Admitting this to be so, still the first publication of the notice of sale under a power in a mortgage must be at least 84 days or 12 full weeks before the sale; one day being included and one excluded; and

Bunce v. Reed.

publication must be in every intervening week, or certainly until the expiration of the time of publication required by statute. It will not do to publish it 12 times in 12 different weeks, if 12 full weeks do not elapse. In *Ronkendorf* v. *Taylor*, the first publication was on the 6th of December and the last on the 10th of March. By this affidavit, the first publication in this case might have been on Saturday the 14th of December, and the last on Monday the 24th of February; and yet, within that case, the notice would have been published twelve weeks successively; that is, on some day in each of twelve consecutive weeks; although from the first publication to the sale would have been only 78 days; and from the first to the last publication, but 73 days, both included. Upon this ground, this court decided that an affidavit that an advertisement or notice had been published six weeks successively, commencing on a certain day, was insufficient, under an insolvent law which required it "to be published for six weeks successively." (*Anon.* 1 *Wend.* 90. 1 *R. L.* 462, § 5.) The court said the affidavit might be literally true, and yet only 30 days notice be given; and that it must be published 42 days. They in fact gave the same construction to the word "week," as was given in *Ronkendorf* v. *Taylor*. *Sheldon* v. *Wright*, (7 *Barb.* 46,) seems opposed to this case, but no authority is cited. I do not say that an affidavit of publication for twelve weeks successively, is not sufficient on a mortgage sale, if it distinctly appear that the first publication was at least 84 days, (the day of first publication exclusive,) before the sale. And yet it would seem from the case in Wendell, that the affidavit should show that the full time notice should be given, had elapsed, from the first to the last insertion. It is undoubtedly safer, on a statute foreclosure, to have thirteen insertions, and 84 days from the first to the last; especially if the sale is not to be on the day of the thirteenth regular hebdomedal insertion.

It follows, that the affidavit of publication is defective in this case, unless the words "between the 7th day of December, 1850, and 1st day of March, 1851," supply the defect. The 7th day of December was Saturday; and that was the last day that the

notice could have been published. It has been decided that "till" includes the day to which it is prefixed. (*Dakins* v. *Wagner*, 3 *Dowl. P. C.* 535.)   But "between," when properly predicable of time, is intermediate, and strictly does not include, in this case, either the 7th of December or 1st of March.   " Between two days" was exclusive of both. (*Atkins* v. *Boylston F. and M. Ins. Co.*, 5 *Metc.* 440.)   The affidavit does not show a publication 84 days.

I regret that the case must turn upon this technical objection, and when perhaps the publication was in fact sufficient, but I cannot say there has been a compliance with the statute.

It was suggested that the necessary affidavit might now be furnished.   Bronson, Ch. J. in *Arnot* v. *McClure*, (4 *Den.* 41,) considered the affidavits a statute conveyance where no deed was required.   And Mr. Justice Cady, in delivering the opinion of the court in *Cohoes Co.* v. *Goss*, (13 *Barb.* 144,) on the strength of *Arnot* v. *McClure*, said, that until the affidavits were made, filed and recorded, or a deed given, no title passed to the purchaser.   But Bronson, C. J. forbore to express an opinion as to the effect of filing a new and amendatory affidavit; and no such point was before the court in *Cohoes* v. *Goss*.   And it is provided by statute, (*Laws of* 1838, *ch.* 266, § 8, *amending* 2 *R. S.* 547, § 14,) that the affidavits "shall be *evidence* of the sale, and of the foreclosure of the equity of redemption."   Nothing is said of their being merely a conveyance.   I am inclined to the opinion that an amended affidavit may be filed according to the truth of the case; and that, as to the mortgagor at least, the affidavits may be filed at any time.   Whether the amendment would take effect retroactively, it is not necessary now to decide.   But the affidavits are not conclusive evidence, and the defendant must have an opportunity to disprove them; and therefore they came to be received upon argument.

The proof of the foreclosure being defective, the plaintiff must be nonsuited.

[Essex Special Term, July 18, 1853.   *Hand*, Justice.]