## THE FRANKLIN BUILDING ASSOCIATION *a.* MATHER.

*Supreme Court, Brooklyn Special Term; March,* 1857.

BUILDING ASSOCIATIONS.—MORTGAGE TO.—FORECLOSURE.

A member of a building association gave a mortgage to the association to secure the payment of his monthly dues, fines, &c. The mortgage contained a provision that in case of default the association might sell under the statute, and invest the overplus, if any, and draw for and apply it from time to time as required, to the payment of all accruing monthly dues, &c., until the termination of the association.

*Held,* that the provision was valid, and that the association were entitled, on judgment of foreclosure, to have a provision inserted directing the surplus to be invested according to the mortgage.

Application for judgment of foreclosure and sale upon failure to answer.

This action was brought by the Franklin Building Association against Robert F. Mather, and Margaret his wife, Samuel

M. Pettengill, and Sarah his wife, and others. The action was brought to foreclose two mortgages. As to one of these mortgages, which was made in the usual form, no objection to the foreclosure was urged.

As to the other mortgage, the complaint stated the following facts :—On May 5, 1854, the defendants Mather and wife, executed to the plaintiffs, The Franklin Building Association, the mortgage in question, being upon a lot in Dean-street, in the city of Brooklyn; the mortgage being stated to be made in consideration of the sum of $1,200, and upon divers other good and lawful considerations. At the time of the execution and delivery of this mortgage, the defendants Mather and wife were both members of the plaintiffs' association, and so continued up to the commencement of the action.

The mortgage was given to secure a bond given by the defendants Mather for their monthly dues, &c., payable to the association; and it contained the following conditions, immediately following the *habendum* clause :—

" Provided, however, that if the said parties of the first part, their heirs, executors, administrators or assigns, shall pay to the said parties of the second part, their successors or assigns, the sum of ten dollars and fifty cents per month, the first payment to be made on the first Wednesday of June, 1854, and such payment to continue during the corporate existence of the said Franklin Building Association, whereof the said defendants Robert F. Mather and Margaret Ann Mather are corporators; the articles whereof have been signed by them, as by reference thereto will more fully appear; and also all fines which may be charged against her or her assigns, pursuant to the by-laws of the said parties of the second part, and shall keep the buildings erected and to be erected upon the premises hereby granted, fully insured against loss or damage by fire, at her expense, by insurers to be approved of by the said parties of the second part, their successors or assigns; and shall also keep all other covenants, promises, and agreements entered into by the said Robert F. Mather and Margaret Ann Mather, to and with the said parties of the second part, according to the true intent and meaning of the aforesaid articles of incorporation ;—then these presents and the estate hereby granted, shall cease, determine, and be void : and if the said parties of the first part,

their heirs or assigns, shall neglect to pay off all taxes, assessments, premiums for insurance, interest on prior mortgages, and all other charges against the premises hereby granted, on any day whereon the same shall become due and payable, it shall be lawful for the said parties of the second part, their successors or assigns, to pay and satisfy the same; and the sum or sums so paid, with interest, shall become at once due and payable, and be added to the amount secured hereby; and if default shall be made in the said monthly or other payments until the sum or sums so payable as aforesaid shall amount to the sum of sixty-three dollars, then, and from thenceforth, it shall be lawful for the said parties of the second part, their successors or assigns, to enter into and upon all and singular the premises hereby granted, or intended so to be, and to advertise, sell, and dispose of the same, and all benefit and equity of redemption of the said parties of the first part, their heirs, executors, administrators, or assigns therein, at public auction, according to the statute in such cases made and provided, and as the attorney of the said parties of the first part, for that purpose by these presents duly authorized, constituted, and appointed, to make and deliver to the purchaser or purchasers, a good and sufficient deed or deeds of conveyance in the law for the same in fee simple; and out of the money arising from such sale to retain all such sums as shall then be due and payable, as aforesaid, together with the costs and charges of advertisement and sale of the premises; *investing the overplus of the purchase-money, if any there shall be, in some suitable manner in the name of the said parties of the second part, their successors or assigns, to be drawn for and applied from time to time, as required, to the payment of all accruing monthly sums and fines as aforesaid, until the termination of the said corporate existence of the said Franklin Building Association:* rendering the overplus, if any there shall be, unto the said parties of the first part, their heirs, executors, administrators, or assigns; which sale, so to be made, shall forever be a perpetual bar against the said parties of the first part, their heirs, executors, administrators, or assigns, and all other persons claiming or to claim the said premises by, from, or under them or any of them."

The complaint showed a default in the payment of dues from the defendants Mather. It demanded judgment of foreclosure

and sale ; and it also demanded that the overplus of the funds realized, if any, should be paid over to the plaintiffs, to be by them invested according to the condition of the mortgage above mentioned.

The defendants Pettengill and others were joined as encumbrancers; Pettengill being a judgment creditor of the defendant Mather.

No answer having been put in, the plaintiffs now applied to the court for judgment. The motion was opposed on behalf of the defendants Pettengill and wife.

*John Fowler, Jr.,* for the motion.—I. The language of the complaint, including the prayer for judgment, follows the language of the mortgage.

II. The mortgage concedes the right of the plaintiff to the surplus; and there is nothing in the complaint or in the relief demanded, inconsistent with the mortgage.

III. The mortgage is a valid contract in all its parts. The act of 1851 undoubtedly contemplated such mortgages.

IV. The opposing party before the court, the defendant Pettengill, can claim to have been prejudiced by the severe terms of the mortgage. It was on record before he acquired any interest in the premises, and he took, therefore, with full notice of it.

V. The objection that the mortgage is given to secure, not the payment of money by instalments, but for the performance of covenants, has no application to the present case. All the covenants in the mortgage are covenants to pay money, except the covenant to insure. The latter covenant is of frequent use in mortgages, and its validity has never been questioned.

*Lyman Abbott,* for the defendants Pettengill and wife, in opposition.—I. The clause in the mortgage giving the plaintiffs a right to sell under the statute, and invest the surplus, does not give the court a right to grant a decree to that effect. (Holden *v.* Gilbert, 7 *Paige,* 208.)

II. The provisions of the Revised Statutes (2 *Rev. Stats.,* 191) do not give the plaintiffs a right to such a decree. Those provisions apply only to the foreclosure of mortgages given to secure the payment of money by instalments, and are not applicable to mortgages for the performance of covenants. (Ferguson *v.* Ferguson, 2 *Comst.,* 360.)

III. The mortgage in suit is given, not to secure the payment of money by instalments, but the performance of duties due by the defendant Mather to the association, as one of its members. (Seagrove *v*. Pope, 16 *Jur*., 1099; *S. C.* 15 *Eng. L. & Eq. R.*, 477; Moseley *v*. Baker, 6 *Hare*, 87.)

BIRDSEYE, J.—This action is brought for the purpose of foreclosing two mortgages given by defendant Mather and wife; the one to John Doherty, for $600, which has been assigned to, and is now held and owned by the plaintiffs. To the granting of the usual judgment of foreclosure and sale on this mortgage, no objection is made; the condition of it being the ordinary one for the payment of the debt and interest.

The other mortgage was given directly to the association; which was one formed under the act of April 10, 1851, for the incorporation of Building, Mutual Loan, and Accumulating Fund Associations.

I cannot agree with the counsel for the defendant, that the power of sale given in the mortgage, upon the non-payment of dues to a fixed amount, and the provision that the surplus may be invested, in order to form a fund for the payment of subsequently accruing dues, do not warrant a decree for such a disposition of the surplus moneys. In my opinion, the entry of a judgment for such a sale, and the proper investment of the proceeds for the purpose of paying future dues, is not giving to the plaintiffs any larger or different right than that secured to them by the contract made between the parties. The jurisdiction of this court to decree the foreclosure of mortgages does not arise out of the power of sale usually contained in them; but from the very nature of the conditional transfer of the estate as the security for the payment of the debt; so that either of the parties has the right to apply to a court of equity to fix the amount actually due on the security, with a view, on the one hand, to the enforcement of it in case of failure to pay according to condition; or, on the other, to a redemption by the payment of the true amount found due.

The case of Holden *v*. Gilbert (7 *Paige*, 208) does not warrant the position to which it is cited. The Court of Chancery in that case, on a power of sale for only one of four instalments, did make a decree of sale of the whole mortgaged premises;

but it held that such a power of sale did not make *all* the instalments due and payable, by a mere neglect to pay one instalment within the time prescribed. It was properly said in that case, that there could be no sale, if the amount which had then accrued due, with the costs of suit, were paid. The same is true in this case. A payment of the amount reported due on such a mortgage, with interest and the costs of suit, at any time before judgment, would entitle the defendants to a dismissal of the complaint. If the moneys were paid after the sale, all further proceedings would be staid till a subsequent default, when the court might order the decree to be enforced. (2 *Rev. Stats.*, 192, §§ 161, 162.)

Nor can I assent to the proposition that this mortgage is not conditioned for the payment of money; or that the provisions of the Revised Statutes relating to foreclosure and sale for instalments not due at the commencement of the suit (2 *Rev. Stats.*, 192–3) do not apply to it. The mortgage in the case of Ferguson *v.* Ferguson (2 *Comst.*, 360) was conditioned for the support and maintenance of the mortgagees during their lives, and not for the payment of any money.

The main and primary, if not the only intent of the mortgage on which this action is brought, is to secure the payment of money. The sums which are to be paid are not, as is commonly done, inserted in the mortgage; but for their amount reference is made to the articles of association and the books and charges of the association. This reference will make the amount to be paid sufficiently certain. That part of the condition of the mortgage, that it is to secure the performance of all other covenants, promises, and agreements entered into " by Mather with the association, does not change the general nature of the security. That clause is merely subsidiary to the principal condition, which is for the payment of the dues to the association. And upon an examination of the articles of association, I do not see any covenant, promise, or agreement on the part of Mather, the breach of which is not to be compensated, if at all, by the payment of a specific sum of money.

There must, therefore, be a judgment of foreclosure and sale; and it will provide for the payment to the plaintiffs, out of the proceeds of the sale, of the amounts which the referee has reported to be due to the plaintiffs upon the two mortgages, with

interest thereon and costs. The surplus to be brought into court, by paying the same to the treasurer of Kings county, who must invest the same on bond and mortgage, to be held subject to the claims of the plaintiffs for subsequently accruing dues from Mather, and with the right to the plaintiffs to apply, from time to time, for the payment thereof. As this case is peculiar, the sale may be made by a referee; and Henry W. Johnson is appointed such referee. The plaintiff to have an allowance of sixty dollars.