Comstock, Oh. J.
 

 (Dissenting.) It is a condition precedent of the sheriff’s power to sell -lands on execution, that the sale
 
 *156
 
 “shall be publicly advertised previously for six weeks successively.” This is the language of the statute (2 R. S., 378, 379, § 34), and its plain meaning is, that six whole weeks must elapse between the commencement of the advertisement and the time of sale. There is no more reason for saying that five and a half weeks than for saying that one or two weeks will answer "the purpose. If we abridge the time for a single day, we may dó it for as many days as we please, and the statute becomes a dead letter;
 

 This public advertisement must be made by posting the notice of sale in the manner specified in the statute, and by causing a copy to be printed “ once in each week,” in a newspaper of the county in which the lands are situated. Two things, therefore, are required to make the advertisement complete, one the posting of the notice, the other, its insertion in the newspaper ; and the publication in both its branches must be for six weeks previous to the sale. The “public advertisement” consists of both these things, and as that must be for six full weeks, so a shorter time will not answer for either one of these performances. There is no publication at all unless the notice is both posted and printed in a newspaper; and if- we say that the time either of posting or printing may be shortened, we hold in substance that an advertisement for less than six weeks is good. This we cannot do without abrogating the statute.
 

 It is urged, that according to this construction seven newspaper insertions will always be required before the sale. If that consequence were to follow, the opposite construction would by no means be justified. The number of insertions is not specified in the statute. The advertisement must be for six previous weeks in both the modes prescribed, and it must be in the newspaper “ once in each ” of those weeks. If the full period of six weeks, which must elapse between the first insertion and the sale, requires the notice' to appear seven times in the paper in order to have one publication in each of the six weeks, then it must be inserted so many times. The fundamental requisition is, that the sale must be advertised for a full period of six weeks. But I think the consequence mentioned does not fbl
 
 *157
 
 low. If an advertisement is commenced on the 1st of April by posting, and inserting in a newspaper on that day, the sale can take place on the 13th óf May, the intervening period being six weeks or forty-two days. Mow the six weekly publications in the paper will be the 1st, 8th, 15th, 22d and 29th day's of April, and the 6th of May. As the sale will take place on the 13th of May, the last publication will .therefore be at the commencement of the week which immediately precedes it. This will be an undoubted compliance with the law. Another insertion on the very day of the sale cannot be necessary. The sale may lawfully take place in the morning while the newspaper may be issued in the evening. It follows that in all cases six or more insertions will be required according as the sale shall or shall not be appointed to take place precisely at the close of six weeks from the first publication.
 

 The construction which I have indicated is the one given to similar statutes by the former and the existing Supreme'Courts of this State. (1 Wend., 90; 16 Barb., 347.) We are referred, however, to .the case of
 
 Sheldon
 
 v. Wright, in this court (1 Selden, 497), as a controlling authority the other way. But an examination of that case will show that ho such point was decided. The general question involved was, whether the.order of a surrogate directing the sale of an intestate’s real estate was valid. One of the objections to be overcome, was the alleged insufficiency of the publication of an order to show cause against the sale. But the surrogate had expressly adjudged that the publication was sufficient, and this court simply held, so far as we can judge from the opinion given, that this decision could not. be inquired into collaterally. The observations of Judge Foot, favorable to such a construction of the statute now in question as the plaintiff contends for, were followed by a disclaimer of any such ground of decision.
 

 On the ground, therefore, that the notice of the sheriff’s sale under which the plaintiff claims title, was not advertised for six wéeks as the statute requires, I am of opinion that the order of the Supreme Court granting a new trial must be affirmed, and that the defendant must have final judgment
 
 *158
 
 according to the "stipulation entered into on bringing the present appeal.
 

 Denio and Bacon, Js., also dissented.
 

 Judgment reversed and judgment for the plaintiff.