NORTHY *v.* NORTHY.

Where a father disposes of his property by conveying his homestead to one of his sons and taking a mortgage back to secure the maintenance of himself and wife, and also to secure the payment by that son, at specified times, to his other children of such sums as are designed as their portions respectively of their father's estate, and where the other children were not parties to the contract or to the security taken, the father may bring a writ of entry on the mortgage in his name alone, to enforce the payment by defendant to the other children of the sums thus provided for them.

In a writ of entry upon a mortgage, the defendant may make any defence which he could properly make in an action upon the note secured by the mortgage.

Hence, in such a case the defendant may file a set-off to the plaintiff's demand which is secured by the mortgage, and in that way reduce the amount which the court shall adjudge due upon the mortgage debt, or, if the set-off be large enough, may defeat the plaintiff's action altogether.

But in such case the set-off must be against the party to whom the money is payable which is secured by the mortgage, and to enforce the payment of which the suit is brought.

Ordinarily, any thing that might be recovered in an action of indebitatus assumpsit is a proper matter for set-off.

In a writ of entry upon a mortgage, the court, in adjudging the amount due for which the conditional judgment shall be rendered, will have reference to the date of the judgment and not to the date of the writ, as in ordinary cases.

THIS is a writ of entry upon a mortgage, or conditional deed, though not counting upon it, referring to it in terms, from Moses H. Northy to Philip Northy, dated the 16th day of April, 1859. The mortgage was of a farm in Lisbon, previously owned by Philip Northy. Philip Northy deeded it to Moses H. Northy, his son, taking the aforesaid mortgage back, conditional for his and his wife's support during life. There is al-

so a stipulation, or condition, in the mortgage, in favor of Myron J. Northy, son of Philip Northy, and brother of Moses H. Northy. The mortgage contains also the following stipulation:

"And the said Moses is to let his sister Esther have a home with her father and mother, provided she pays her way and is no loss to him and them. The said Moses further agrees to pay to his sister Esther Northy, seventy-five dollars in two years from the date hereof, as her portion in full."

The suit is brought to enforce the payment of said $75.00 to said Esther Northy, and for no other purpose. The plea is the general issue, payment and set-off. The set-off is a claim for board of said Esther and her child. Said Esther was married to Charles A. Kay on the 23d day of April, 1859, and gave birth to a child the same day, previous to her marriage. The defendant also claims that the account for board filed by way of set-off was in fact furnished and received in payment of the claim in suit, which is denied by the plaintiff. The plaintiff is to be nonsuited, if the court are of opinion that the action is not maintainable on the foregoing state of facts. This case is agreed for the further purpose of raising the question whether the defendant's set-off is admissible in this suit.

And the questions of law arising upon this agreed case were reserved.

*C. W. & E. D. Rand*, for plaintiff.

1. The action is rightly brought by Philip Northy. Esther Kay is "a total stranger to the whole contract." *Offley* v. *Ward*, 1 Levintz, 235; *How* v. *How*, 1 N. H. 49; *Warren* v. *Batchelder*, 15 N. H. 129; *Butterfield* v. *Hartshorn*, 7 N. H. 345; *Heaton* v. *Angier*, 7 N. H. 397; *Tatlock* v. *Harris*, 3 D. & E. 180; *Wilson* v. *Coupland*, 5 B. & Ald. 228; *Cuxon* v. *Chudley*, 3 B. & C. 591; *Wharton* v. *Walker*, 4 B. &. C. 163; *Twedle* v. *Atkinson*, Monthly Law Reporter Aug. 1862, p. 609.

2. Even if Esther Kay ought to have been made a party, it is plain that Philip Northy should have been made a party also, and the nonjoinder of Esther Kay should have been pleaded in abatement.

Philip Northy is principally interested in the mortgage. *Johnson et al.* v. *Brown*, 31 N. H. 405; *Campbell* v. *Wallace*, 12 N. H. 362; *Jordan* v. *Cummings*, 43 N. H. 134.

3. If necessary, the writ may be amended by joining Esther Kay. *Johnson et al.* v. *Brown*, 31 N. H. 405; Comp. Stat. ch. 198, sec. 18: *Pitkin* v. *Roby*, 43 N. H. 138.

4. The set-off is no defence to a writ of entry. It is a disputed claim and cannot be considered a payment. *Bailey* v. *Metcalf*, 6 N. H. 156; *Ela* v. *Pennock*, 38 N. H. 154.

5. Esther Kay was not bound to pay for the board of herself and child. If she promised to do so, and were sued upon her promise, she could plead coverture. *Pierce et ux.* v. *Dustin*, 24 N. H. 417; *Rumney* v. *Keyes*, 7 N. H. 571; *Bailey* v. *Pearsons*, 29 N. H. 77.

6. The set-off is a claim for unliquidated damages. By a separate

clause in the mortgage, defendant was bound to furnish Esther a home, which includes board for herself and . child. If he has got any claim against her, it is because she did not "pay her way," and was a "loss to him." *Drew* v. *Towle*, 27 N. H. 412; *Smith* v. *Woodman*, 28 N. H. 520.

*Hibbard*, for defendant.

1. The writ of entry, being brought solely to enforce the mortgage in favor of Esther Northy, cannot be maintained in the name of Philip Northy.

The rules applicable to personal actions, in certain cases, do not apply here. The suit, being for the land, must be in the name of the party actually interested, who seeks to recóver possession of the land. *Rigney* v. *Lovejoy*, 13 N. H. 247; *Gould* v. *Newman*, 6 Mass. 239; also *Ely* v. *Ely*, 6 Gray 439.

Esther Northy, and not Philip, has the legal seizin; and to her the possession must be delivered on the writ of possession, should one be obtained.

Philip Northy is not a trustee in any such sense as will enable him to maintain this action. His interest or estate in the land, so far as the $75.00 is concerned, is solely and absolutely for the use of Esther.

It is not an active trust, but one purely passive and formal, coupled with no discretionary powers as to the management or appropriation of the property or its income. The use, therefore, if the doctrine of uses and trusts is applicable here at all, immediately upon the making of the mortgage deed, was by the statute of uses, which has been adopted in this State, executed in Esther, who became complete owner of the mortgage interest in the land, as well at law as in equity. 2 Black. Com. 336; 4 Kent's Com. ch. on uses and trusts; *Parish* v. *Odiorne*, 1 N. H. 232, and cases cited; *Upham* v. *Carney*, 15 N. H. 462.

2. If the board was furnished or received in payment of the claim for $75.00, proof of the fact is, of course, competent as a defence. *Vose* v. *Handy*, 2 Green. 322.

The account is admissible also as a set-off; in respect to which the law regards the real and not the nominal parties. Set-offs have been expressly held admissible in defence of suits for the foreclosure of mortgages. *Chapman* v. *Robertson*, 6 Paige, 627; *Holden* v. *Gilbert*, 7 Paige, 208.

These were proceedings in equity; but, if there is any difference, it is in favor of the admissibility of set-offs in actions at law.

Usury may be shown in defence of suits at law upon mortgages. *Briggs* v. *Sholes*, 14 N. H. 262; *Little Ad'r.* v. *Riley*, 43 N. H. 109; *Mahurin* v. *Pearson*, 8 N. H. 539.

The principle which rejects unliquidated or disputed claims in set-off, does not apply to claims of this description. *Concord* v. *Pillsbury*, 3 N. H. 310.

3. The set-off is admissible against any party in whose name an action for the $75.00 may be maintained. This party must be, either

Esther alone, or Esther jointly with her husband, or the husband alone.

As to the respective powers, rights and liabilities of parties in such cases, *vide* Rev. Stat. ch. 149; Pamphlet Laws of 1860. p. 2248; *Jordan* v. *Cummings*, 43 N. H. 134.

SARGENT, J.   If this were an action of covenant broken, it would seem upon the authority of *Howe* v. *Howe*, 1 N. H. 49, to be rightly brought in the name of Philip Northy. *Gardner* v. *Gardner*, 10 Johns. 47.

The statute of uses, which it is claimed applies in this case, can have no application here, or in any case of a mortgage, until foreclosure. The mortgagees have only a security and not a vested estate.   They are not tenants in common, and have not, till entry, any right to the rents and profits.   *Johnson* v. *Brown*, 31 N. H. 405.   For certain purposes, to be sure, the mortgagee is treated as the owner of the land mortgaged, but it is only for the purpose of protecting his interests; but for all other urposes the interest of the mortgagee in land, before entry to foreclose, is a mere chattel, a security of the debt and passes with the debt, so that the owner of the claim secured can bring his suit upon the mortgage in his own name, without any actual assignment of the mortgage, and even where the note or claim has not been so transferred in law as to enable him to bring a suit upon that in his own name.   *Southerin* v. *Mendum*, 5 N. H. 420; *Smith* v. *Moore*, 11 N. H. 55; *Glass* v. *Ellison*, 9 N. H. 69; *Rigney* v. *Lovejoy*, 13 N. H. 247.

In this case a mortgage was given to Philip Northy, to secure the performance of certain conditions in favor of said Philip and his wife, also a condition in favor of Myron J. Northy, and one in favor of Esther Northy.   But it will be seen that the whole consideration proceeded from Philip Northy, and it does not appear that Myron J. or Esther were parties to any contract.   There was a gift from Philip to each of them, to be delivered at a stated time, and he takes the security for the delivery or payment of these sums, and holds it for their benefit, as their trustee perhaps; and we think he is the proper person to enforce the contract which he has made for their benefit, and to which they were in no wise parties.

We think the suit is properly brought in the name of Philip Northy, and by him, upon a contract to which he was the sole party on one side, and upon a security which he took to himself alone for the benefit of those whom he intended to aid, and that there is no occasion for joining any other person with him as plaintiff.   If defendant had given a mortgage to one to secure two or more notes which he had given and promised to pay to different individuals, the case might be different; it would clearly be so, where a mortgage is given to secure several· notes, all payable to the same man, who afterwards disposes of some of the notes to one, and the rest to another, as in the case of *Johnson* v. *Brown, supra.*

The question is raised here, whether, in a writ of entry, an off-set will be allowed at all as a defence, even though it might properly be filed in a suit upon the note secured by the mortgage.   Let us examine a mo-

ment and see what are the issues that may be raised in this action by the pleadings. Defendant may plead the general issue, *nul disseizin,* or he may plead *non est factum.* He may disclaim in whole, or in part, though generally in case of a mortgage he will be unable to do so as the mortgager ordinarily remains in possession till action brought. So in case of a mortgage he may plead tender of the whole amount due upon the mortgage, before condition broken, and by the provisions of our statute he may plead the tender at any time before foreclosure. Rev. Statutes, ch. 131, sec. 13.

He may plead payment of the mortgage debt at the time it was due, or he may plead payment after breach of condition, because if the money is then received and accepted, it is a waiver of the breach. He may plead usury and ask a deduction because that may be a bar to the whole debt, or it may reduce the amount legally due upon the mortgage debt. Story's Pleadings, 427 ; *Duvall* v. *Atwood,* 41 N. H. 346.

There may be other pleas, such as that the mortgage note is founded upon a gaming consideration, or that it was given to compound a felony, or was obtained by duress, or that the mortgage has been discharged. *Dixon* v. *Cuyler,* 27 Geo. 248.

But, in addition to all these defences, can the defendant file an off-set and have that allowed upon the plaintiff's claim, or, if large enough, have it applied so as to defeat the plaintiff's action? We are not aware that this question has been settled in this State. In Ohio it has been held that in *scire facias* on a mortgage to charge the lands in execution, the same defence may be set up that might be in an action on the obligation which the mortgage was given to secure. *Raguet* v. *Roll,* 7 Ham. 76. It would seem that the law is held the same in Michigan, and that an off-set there stands on the same ground as payment. *Adair* v. *Adair,* 5 Mich. 204.

So in New York it is held that a debt, due from the mortgagee to the mortgager, may be off-set against the amount due from the latter on the mortgage, and that such off-set may be made alike in case of proceedings at law or in equity, as the statute of that State puts the set-off in both courts upon the same footing ; and that, upon a bill to foreclose a mortgage, or to obtain the amount due from the defendant, the latter may off-set a debt, due to him from the complainant, which would be a proper subject of off-set in a suit brought by the complainant at law to recover the amount due upon the mortgage. *Chapman* v. *Robertson,* 6 Paige, 627 ; *Holden* v. *Gilbert,* 7 Paige, 208 ; *Knapp* v. *Burnham,* 11 Paige, 330 ; *Rawson* v. *Copland,* 3 Barb. ch. 166.

So in Massachusetts, *Thayer* v. *Mann,* 19 Pick. 535, which was a writ of entry to foreclose a mortgage given to secure three notes, the defence was payment and a set-off. At the trial the court instructed the jury that if the notes had been fully paid or set-off, they should return a verdict for defendant, and this ruling was sustained. So in *Vinton* v. *King,* 4 Allen, 562, which was a writ of entry to foreclose a mortgage, where the plea was that the note secured by the mortgage was obtained by duress. It was held that in an action by a mortgagee against his mortgager, on a mortgage given to secure payment of a note, the defend-

ant may show the same matters in defence (the statute of limitations excepted) which he might show in defence of an action on the note. And under our law the statute of limitations would not constitute an exception.

Some of the reasoning in *Bailey* v. *Metcalf*, 6 N. H. 156, and in *Ela* v. *Pennock*, 38 N. H. 154, would seem at first to be opposed to the adoption of a similar rule in this State. But upon more careful examination, they will not be found to conflict with such a position. But the doctrine of *Concord* v. *Pillsbury*, 33 N. H. 310, which was debt on an official bond, seems to be in point, that where payment could be pleaded, an off-set might also, in a case like this. It is there said: "A set-off in this case has the effect of a payment. It shows that the principal defendant is not now legally bound to pay the money demanded of him. The court has no power to refuse a set-off in any case where the party had by law a right to offer it. It is a legal defence of which the party has a right to avail himself in any proper action. The power he has to make an application of his claim in set-off to any debt in suit, is like his power to apply the payment he makes to any debt he chooses," &c.

We think, then, that a set-off may be pleaded in a writ of entry upon a mortgage given to secure a debt, wherever it might properly be filed in an action on the debt thus secured.

Whenever judgment is to be rendered for the plaintiff, our statute provides that "the judgment shall be conditional that if the mortgager or person having his right shall pay to the mortgagee, or person having his right, the sum the court shall adjudge due, within two months after judgment rendered, with interest, such judgment shall be void, otherwise a writ of possession shall issue." Rev. Stat. ch. 190, sec. 11.

In determining or adjudging the amount due, reference is to be had to the time of the judgment, and not to the date of the writ, as in ordinary cases. *Stewart* v. *Clark*, 11 Met. 384.

It is objected to the set-off in this case that it is a claim for unliquidated damages, and one that is not a proper matter for set-off. But there is nothing in the nature of the claim itself which would lead us to that conclusion. A claim for board is a proper matter to file in set-off. Ordinarily, anything that might be recovered in an action of indebitatus assumpsit is a proper matter for set-off, and our statute carries the matter further than that in some particulars. But though there is no objection to the set-off on account of its form, or the nature of the thing charged, yet it must depend upon the proof, as to whether the off-set can be properly allowed.

If this claim for board is one that belongs to Esther's husband to pay, as it would ordinarily be presumed to be, without any other facts in the case, then whether it can be off-set here must depend upon the fact, whether Esther's husband has reduced this gift to possession so as to be entitled to receive this money himself. If he has taken no steps, and shall take none, to reduce this legacy to possession or appropriate it in any way to his own use, it would remain for the sole benefit of his wife, and an off-set of a claim against the husband, such as a claim for the

board of his wife and child, could not be allowed in such a case while thus situated. *Parsons* v. *Parsons*, 9 N. H. 321; *Marston* v. *Carter*, 12 N. H. 159; *Pierce* v. *Dustin*, 24 N. H. 417. In the last case cited the legacy was given to the sole and separate use of the wife, where it was held that the husband could not release it or appropriate it to his own use, and if the statute of 1860, Pamphlet Laws, p. 2248, applies to this case, then this gift would be to the sole and separate use of the wife, and the husband could not control it if he would. The deed and mortgage in this case were given before the passage of that law, but the money here sued for did not become due, and this suit was not brought till after the law went into effect. Whether the law of 1860 applies to this case or not is not probably material.

Whether any charge for board could be made against the wife so as to be filed in off-set in this case, must probably depend upon the fact whether or not she is so situated as to come within the provisions of our statute authorizing her to sue and be sued as though she were sole and unmarried in all cases: Rev. Stat. ch. 149, secs. 1—4; or on a contract made with her in respect to her separate property: Laws of 1846, ch. 326, sec. 4; or in a matter pertaining to said property, Laws of 1860, ch. 2342, sec. 3; *Jordan* v. *Cummings*, 43 N. H. 134.

The defendant was to furnish said Esther with a home, so long as she paid her way, &c. This provision is entirely distinct from the other, that provides for the payment of the $75.00. It would seem that Philip Northy intended to provide a home for this daughter with himself until she might have one of her own, but that she was to be expected to aid and assist the family while she resided there, and it was the understanding that she would pay her way. She could leave at any time she chose, but under this arrangement we think she would be entitled to a home there until she was notified by defendant that this arrangement would not continue longer and that he could not furnish her a home longer for what she did for him. She might consider that she was paying her way, and might wish to contest that point with defendant, or she might on notice conclude to perform more labor, so as to be satisfactory to defendant, or she might choose to leave and provide a home for herself elsewhere. If she could not pay her way, and was notified by defendant that he could not furnish her a home longer for that reason, then she might provide for herself elsewhere, or, if poor and in need of relief, her husband would be liable for her support: *Rumney* v. *Keyes*, 7 N. H. 571; and the claim for board must be against him alone, unless she is in a position to be sued for it, as though she were sole and unmarried, either generally, or as being a contract made in respect to her separate property or pertaining thereto.

*Case Discharged.*