[No. 14614. In Bank. — February 25, 1893.]

## C. V. NORTON, Appellant, *v.* THE ATCHISON, TOPEKA, AND SANTA FÉ RAILROAD COMPANY, Respondent

Vacating Judgment by Default — Jurisdiction of Person — Non-resident Defendant — Service of Summons — False Return — Remedy by Motion. — Where a non-resident has not been personally served with summons within the state, and a default judgment has been entered in the action, the court has power, within a reasonable time, when it finds that it has been deceived by a false return of such service within the state, to quash the service of summons and vacate the default and judgment upon motion; and it is not necessary to bring an independent action to set aside the judgment. Any fact going to show the invalidity of the judgment can be presented at the hearing of the motion.

Id. — Basis of Motion — Construction of Code — Affidavit of Merits. — The motion to set aside such judgment is based upon irregularity, and want of jurisdiction in fact, and not upon the mistake, inadvertence, surprise, or excusable neglect of the moving party. Section 473 of the Code of Civil Procedure has no application to such a case, and it is not necessary that the motion be accompanied by an affidavit of merits.

Id. — Time of Motion — Terms of Court — Reasonable Time. — Under our present system, terms of court are abolished, and a motion to set aside a judgment must be made within a reasonable time. It seems that, following the analogy of section 473 of the Code of Civil Procedure, six months may be considered the extent of a reasonable time to set aside a judgment rendered upon a false return of service of summons.

Id. — Conflicting Evidence upon Motion — Appeal. — Where the evidence is conflicting as to whether or not the defendant was served with summons within the state, the appellate court will not disturb the finding of the court as to that fact.

Appeal from an order of the Superior Court of San Diego County granting a motion to set aside a default judgment.

The facts are stated in the opinion of the court.

*William N. Fuller,* for Appellant.

*A. Brunson,* and *Hunsacker, Britt & Goodrich,* for Respondent.

McFARLAND, J. — This is an appeal by plaintiff from an order of the superior court granting a motion of defendant to quash the service of summons, to set aside and vacate the default of defendant, and to set aside and vacate the judgment which had been entered in the case in favor of plaintiff. The appeal was heard in Department Two, and the order of the court below was there, upon an opinion prepared by Belcher, C., affirmed. (*Post,* p. 394.) Upon a petition by appellant, urging strongly that there was no authority in the court to grant said motion, a hearing was ordered in Bank. After a further and full consideration of the point made, we are satisfied that a correct conclusion was reached in Department.

The respondent is a corporation formed under the laws of Kansas, and having its principal place of business in and being a resident of that state. The action, which is *in personam,* was commenced in San Diego County, and the sheriff of that county returned that he had personally served the summons, on the 19th of November, 1890, on K. H. Wade, general manager of defendant, " by delivering to said defendant, personally, in the county of San Diego, a copy of said summons," etc. No appearance having been made by respondent within ten days, its default was entered by the clerk on the first day of December, 1890. On the third day of December, 1890, judgment was entered by the court against defendant, the judgment reciting that defendant had been regularly served with summons. Within ten days thereafter, to wit, on December 12, 1890, respondent, by its attorneys, served and filed a notice that " the defendant in the above-entitled action will appear for the purpose of this motion only, and for no other purpose, and will move the court to set aside and recall the execution heretofore issued in this case,

and to set aside the judgment and default heretofore entered on the first day of December, 1890, and to quash service of summons herein, upon the ground that said service is not such as is authorized by law, and that said court has no jurisdiction of defendant to enter said default or judgment, and that the same is void." Affidavits were filed by both parties on the hearing of this motion, but appellant objected to the entertainment of any such affidavits on the part of respondent. On the 23d of January, 1891, the court granted a motion quashing the service of the summons, vacating the judgment, etc.   From that order plaintiff appeals.

It is contended strenuously by appellant that such a motion can be maintained only when based upon section 473 of the Code of Civil Procedure; that this motion is not based upon that section, and is not accompanied by any affidavit of merits, which affidavit has been held to be necessary when proceeding under the section; and that, under that section, a party can be relieved only upon an offer to appear and plead to the merits.   Appellant relies, on this point, upon *People* v. *Harrison*, 84 Cal. 608; *People* v. *Greene*, 74 Cal. 400; 5 Am. St. Rep. 448; *People* v. *Goodhue*, 80 Cal. 200; and some other cases cited.   But the cases cited go no further than to hold that a motion to vacate a judgment cannot be made after the expiration of six months, or with respect to one ground for setting aside the default, after one year, unless it be void on its face.   The recent case of *Jacks* v. *Baldez*, 97 Cal. 91, might also be cited in support of what appellant deems to be the correct position.   But those authorities relate to cases which come clearly within, or should have been brought under, the provisions of said section 473.   The main provision of that section is, that a court may relieve a party from a judgment taken against him "through *his* mistake, inadvertence, surprise, or excusable neglect"; and it is quite clear that the provision just quoted has no application to the ground upon which respondent moved in the case at bar.   Defendant here is not asking relief

from its neglect or mistake or default of any character; its contention is, that the court has no jurisdiction over it, and no power to compel it to answer to the action. It does not ask to be allowed to come in and answer, but contends that, in its situation, it cannot be called upon to answer; therefore there can be demanded of it no affidavit of merits. In the cases cited the parties making application to set aside the judgment confessed some neglect or misconduct from which they sought to be relieved, and thus come clearly within the provisions of said section, and, of course, were compelled to comply with the provisions of the section, under the construction which the court had given them. Moreover, they were residents of the state, and within the territorial jurisdiction of her courts; while in the case at bar respondent is a non-resident, and beyond such jurisdiction, except so far as the statute of this state can provide and has provided for jurisdiction under special circumstances. It was clearly, then, the duty of the court to quash the service of the summons, when it appeared to it that the return of such service was false; and the vacating of the judgment was an incident which necessarily followed, provided that the proceeding by motion by which this result was sought to be accomplished was a proper one.

In Freeman on Judgments, commencing at paragraph 105, there is a chapter on "Vacating judgments under statutes," and various statutes of different states, similar to section 473 of our code, are reviewed, and the distinction between proceedings under those statutes and proceedings independent of them is stated; and in paragraph 108 the author says: "In all cases an affidavit of merits must be made and filed, except where it appears that the court had never acquired jurisdiction of the moving party, and that its judgment against him is void; but in this class of cases he is entitled to relief, independently of those statutes." In *Bell* v. *Thompson*, 19 Cal. 707, the court makes this same distinction (section 68 of the Practice Act being at the time of that

decision the same, substantially, as the present section 473 of the code), and also in *People* v. *Greene*, 74 Cal. 400, 5 Am. St. Rep. 448, in *Savings etc. Soc.* v. *Thorne*, 67 Cal. 53, and other cases. (See also *Ladd* v. *Stevenson*, 112 N. Y. 325; 8 Am. St. Rep. 748; and *Dobbins* v. *McNamara*, 113 Ind. 54; 3 Am. St. Rep. 626.) In *Cowles* v. *Hayes*, 69 N. C. 410, the court, in discussing a motion similar to that in the case at bar, say: "The motion is not made under section 133 of the Code of Civil Procedure; the plaintiff does not ground his claim to relief on his own mistake, inadvertence, surprise, etc.; but he puts it on the ground that the judgment of which he complains was irregular, and against the course and practice of the court."

Appellant contends that there should have been an independent action brought to set aside the judgment, but we do not think so. The general common-law rule is, that courts have power over their judgments during the entire term at which they are rendered, and may vacate them on motion. (Freeman on Judgments, secs. 90 et seq.) Many of the courts have vacated judgments after the expiration of the term; but it was established in California that such jurisdiction was exhausted at the close of the term, unless kept alive by some motion or appropriate proceeding during the term. (*Bell* v. *Thompson*, 19 Cal. 706; *Shaw* v. *McGregor*, 8 Cal. 521; *Robb* v. *Robb*, 6 Cal. 21; *Baldwin* v. *Kramer*, 2 Cal. 582.) Under our present system, terms of court are abolished, and a motion to set aside a judgment would have to be made within a reasonable time (*People* v. *Greene*, 74 Cal. 400; 5 Am. St. Rep. 448); and perhaps, following the analogy of section 473, six months might be considered the extent of a reasonable time for any motion; but however that may be, there is no question in the case at bar as to reasonable time, because the motion was made within ten days after the judgment. It is admitted that a motion to vacate a judgment is a direct and not a collateral attack; and if, as we hold, a motion was the proper proceeding in this case, of course any

fact going to show the invalidity of the judgment could be presented at the hearing of such motion.   Where a return shows that a non-resident was personally served with summons within the state, and it is made to appear to the court that such return was false, it would be strange if, within a reasonable time, the court could not, upon application, set aside the service, or the false return of service, and vacate the judgment.   There is no reason why, in such a case, the non-resident should be put to the necessity of an independent action.

We hold, therefore, that, where a non-resident has not been personally served within the state, the court has power, within a reasonable time, when it finds that it has been deceived by a false return of such service within the state, to quash the service of summons and vacate the judgment.   This is as broad a statement of the rule as the facts of this case require.   And so holding, we think that the order of the court below should be affirmed.

With respect to the question of fact, whether or not the respondent in the case at bar was served within the state, the evidence before the lower court was conflicting, and we would not be warranted in disturbing the finding of the court as to that fact.   Upon this point we are satisfied with the said opinion prepared by Commissioner Belcher in Department.

The order appealed from is affirmed.

PATERSON, J., DE HAVEN, J., and HARRISON, J., concurred.

BEATTY, C. J., concurring. — Before terms of court were abolished, it is clear that a default judgment entered upon a false return of personal service of summons could have been set aside upon motion made within the term.   The abolition of terms cannot be held to have abolished the remedy by motion, but only the limitation of time within which the motion must be made; and if, under section 473 of the Code of Civil Procedure, a defendant may be relieved on motion from a default

judgment taken against him through his mistake or excusable neglect, provided his motion is made within a reasonable time, not exceeding six months, *a fortiori* he should be relieved on motion made within the same time when he has been guilty of no neglect.

None of the decisions cited are in conflict with this view. They merely hold that judgment will not be vacated upon motion made after the lapse of the prescribed period, unless it is void upon its face, which is quite consistent with the proposition that a motion made within the statutory period may be granted as well when the defendant is wholly without fault as when he has been guilty of neglect, mistake, etc.

As to the conditions upon which the order should be made, the statute only requires the imposition of such terms as may be just; and when, as in this case, the court finds that the defendant has never been brought within its jurisdiction, it would not be just to require it to answer to the merits, or to make an affidavit of merits.

Upon these grounds, I concur in the judgment.

The following is the decision, above referred to, rendered in Department Two, by Mr. Commissioner Belcher, July 30, 1892: —

BELCHER, C. — This is an action to recover the value of two horses which were delivered by plaintiff to defendant, at the town of Hiawatha, in the state of Kansas, to be transported to the town of Escondido, in the state of California, and which were killed while in transit over the defendant's railroad to their place of destination. The complaint is in the usual form, and alleges negligence in the management of the engine and train of cars as the cause of the killing. The complaint was filed in the superior court of San Diego County, and a summons was thereupon issued and placed in the hands of the sheriff of that county. By his return on the summons, the sheriff certified that he " personally served the same, on the nineteenth day of November, 1890, on K. H.

Wade, general manager of the Atchison, Topeka, and Santa Fé Railroad Company, defendant therein named, by delivering to said defendant personally, in the county of San Diego, a copy of said summons, attached to a certified copy of the complaint in the action therein named." No demurrer or answer having been filed, the default of the defendant was entered by the clerk of the court, on December 1, 1890. Three days later, the case was called for trial, and, after witnesses had been called and examined by the plaintiff, judgment was entered in his favor, according to the prayer of the complaint. The judgment recites that the cause came on regularly for trial, the plaintiff appearing by counsel, and the defendant, a corporation, "having been personally, legally, and regularly served with summons or process, and having failed to appear and answer plaintiff's complaint filed herein, and the legal time for answering having expired, and no answer or demurrer having been filed, the default of said defendant . . . . having been duly and legally entered against said defendant according to law,—now, therefore," etc. On the 12th of December, 1890, after due notice, the defendant appeared by attorneys, and moved the court to quash the service of summons and to vacate and set aside the said default and judgment, upon the ground that the said service was not such as was authorized by law, and that the court had no jurisdiction of defendant to enter said default or judgment, and that the same was void. In support of the motion, the defendant offered to read in evidence the affidavits of K. H. Wade and A. Brunson, copies of which had been served. The plaintiff objected to the affidavits being received in evidence, "for the reason that the judgment imports absolute verity, and cannot be attacked by proof *aliunde*." The objection was overruled, and an exception reserved. The hearing was then continued, and subsequently the plaintiff, not waiving his objections to the defendant's affidavits, introduced and read in evidence certain counter-affidavits, and the defendant introduced and read certain additional affi-

davits. All of the affidavits offered were received and considered by the court; and as the result of such consideration, the court, on January 23, 1891, made an order granting the defendant's motion, and thereby quashed the service of summons, and vacated and set aside the default and judgment entered against defendant. The plaintiff excepted to the order, and has appealed therefrom to this court.

1. Appellant contends that the judgment of a court of general jurisdiction imports absolute verity, and that, on a motion, like this, to set aside a domestic judgment, the parties to it are estopped to deny the jurisdiction of the court, unless its want of jurisdiction appears on the face of the record; that here the recitals in the judgment that the defendant had been personally, legally, and regularly served with process conclusively show that the court had acquired jurisdiction of the person of defendant, and that no evidence outside the judgment roll was admissible to contradict he..e recitals, and hence that it was error to admit in evidence the affidavits offered by defendant and objected to by plaintiff. This position cannot, in our opinion, be sustained. The code provides that " any judicial record may be impeached by evidence of a want of jurisdiction in the court or judicial officer," (Code Civ. Proc., sec. 1916,) and the only question is as to the method of procedure to effect the impeachment. The rule invoked is well sustained by the authorities, where a collateral attack is made upon a judgment, but it has no application to a direct attack. Here the motion to set aside the judgment was a direct, and not a collateral, attack, as has been held in numerous cases decided by this court. (*People* v. *Mullan,* 65 Cal. 396; *People* v. *Greene,* 74 Cal. 400; 5 Am. St. Rep. 448; *People* v. *Pearson,* 76 Cal. 400; *Reinhart* v. *Lugo,* 86 Cal. 395; 21 Am. St. Rep. 52.) In *Lyons* v. *Roach,* 84 Cal. 30, it is said that " the main difference between collateral and direct attacks is, that in the former the record alone can be inspected, and is conclusively presumed to be correct; while on direct attack the

true facts may be shown." But it is urged that a judgment can only be set aside on motion when it appears on its face to be void, and that when it does not so appear, the proper and only remedy is an action regularly brought to test its validity. In support of this position, counsel cite *People* v. *Goodhue*, 80 Cal. 199, and *People* v. *Harrison*, 84 Cal. 607. In the first of these cases a decree of foreclosure was rendered therein on October 30, 1865, and a motion to set aside the decree was made on December 31, 1888, by the successor in interest of the defendant. The summons was served on Goodhue, the defendant, but not on his successor in interest. The court said: "We know of no provision of law which can be held to authorize the vacation of a judgment on a mere motion after so long a time"; and again: "A judgment cannot be attacked in this informal way years after its rendition." In the second case the motion to vacate was made sixteen years after the judgment was rendered, and it was held that a motion will not lie to vacate a judgment after the lapse of time limited by statute, if the judgment is not void on its face, and that in all cases after the lapse of such time, when the attempt is made to vacate the judgment by a proceeding in court for that purpose, an action regularly brought is preferable, and should be required. Here the motion was made within ten days after the judgment was rendered, and the cases cited are therefore not in point. In a case like this, the proceeding by motion is, in our opinion, authorized, and is the proper way to bring up and test the validity of the judgment. (*Ede* v. *Hazen*, 61 Cal. 360.)

2. Appellant further contends that the decision of the court was not justified by the evidence, and that the order should be reversed for that reason. Section 411 of the Code of Civil Procedure provides that "the summons must be served by delivering a copy thereof, as follows: . . . . 2. If the suit is against a foreign corporation . . . . doing business and having a managing or business agent, cashier, or secretary within this state, to such

agent, cashier, or secretary." It was shown, by the affidavits introduced in support of the motion, that the defendant, the Atchison, Topeka, and Santa Fé Railroad Company, was a corporation organized under the laws of the state of Kansas, and having its principal place of business at the city of Topeka, in that state; that it owned, controlled, and operated a line of railroad from Kansas City, in the state of Missouri, to Albuquerque, in the territory of New Mexico, and no farther; and that K. H. Wade, on whom the summons was served, was not at the time of such service, and never had been, the managing or business agent, cashier, or secretary of defendant, within this state, or anywhere else. It was also shown that the Atlantic and Pacific Railroad Company was a corporation organized under an act of Congress, and that it owned and operated a railroad from Albuquerque, New Mexico, to the town of Barstow, in the state of California; that the Southern California Railway Company was a corporation organized under the laws of this state, and that it owned and operated a railroad from Barstow to National City, and other points in California; and that K. H. Wade was the general manager of the last-named company. It was further shown that the three railroads above mentioned constituted a continuous line, and were advertised as such under the name of the "Santa Fé Route," but that the officers of the companies were different, no two of them having the same president, general manager, or other business agents; "that each of said three railroad companies is owned, controlled, and operated independently of the other, under different organizations, with different stockholders and different interests; that the accounts between them are kept as distinctly and separately as are the accounts of any other of the railroads in the United States; that the three companies receive freight and passengers independent of the others, and only deliver to the others as connecting lines, forming a through-line of railroad, known as the 'Santa Fé Route'"; and that "the appellation 'Santa Fé Route' does not, and

never did, designate either of the corporations operating
such line of railroad, but is simply a term used to desig-
nate a particular line of travel composed of connecting
railroads operated by distinct railroad companies."
Appellant sought to contradict and overcome the evi-
dence introduced by respondent, by showing numerous
advertisements of the " Santa Fé Route," to some of
which the name, " K. H. Wade, General Manager," was
appended, and also by showing that the defendant was
the owner of a majority of the stock of the Southern
California Railway Company.   It is urged that Wade is
estopped by these advertisements from denying that he
was one of the general managers of the defendant cor-
poration, and "that the evidence clearly establishes the
fact that the 'Santa Fé Route' is a synonym of the 'At-
chison, Topeka, and Santa Fé Railroad Company,' and
is used by it to designate its great system, which
stretches from Chicago to San Diego, over which through
sleeping-cars run from Chicago and St. Louis to San
Diego, without change, every day in the year."   There
can be no question of estoppel here.   Wade is not a
party to the action; and whether he might be estopped
or not by his acts, in connection with the advertise-
ments, to deny his agency, is a matter which need not
be considered.

The only question, then, is, Was Wade the managing
or business agent, cashier, or secretary of the defendant
when the summons was served on him?   If he was not,
then the attempted service did not give the court juris-
diction of the person of the defendant, and its judgment
was void.   Whether he was such agent or not was a
matter to be determined by the court below, in view of
all the evidence introduced at the hearing of the motion.
The court, as we have seen, decided the question against
the theory of appellant, and we do not think its decision
can be disturbed.   The evidence was conflicting, but a
clear preponderance of it seems to sustain the decision.

It is further objected that no sufficient affidavit of
merits was filed.   We do not think it necessary to pass

upon this question, for the reason that, when a judgment is attacked upon the ground that it is wholly void, no affidavit of merits is required. We therefore advise that the order be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.