[No. 18207.   Department Two.—March 13, 1894.]

THE PEOPLE, RESPONDENT, *v.* W. O. THOMAS, APPELLANT.

JUDGMENT—VALIDITY—JUDGMENT-ROLL.—A judgment is void upon its face only when that fact is made apparent by an inspection of the judgment-roll.

ID.—AFFIDAVIT AND ORDER FOR PUBLICATION.—The affidavit and order for publication of summons required by section 412 of the Code of Civil Procedure constitute no part of the judgment-roll, and their absence does not show the invalidity of the judgment in the light of the judgment-roll.

ID.—AFFIDAVIT OF PUBLICATION OF SUMMONS BY "PUBLISHER"—PRESUMPTION.—The affidavit of publication of summons is part of the judgment-roll; but it is not insufficient merely because made by the "publisher" and not by the "printer or foreman or principal clerk" as required by the terms of section 415 of the Code of Civil Procedure. The "publisher" of the paper is presumed to be its "printer" in the absence of a showing to the contrary.

ID.—VACATION OF JUDGMENT—LIMITATION OF TIME.—A judgment void upon its face may be vacated at any time upon motion; and a judgment in fact void for want of jurisdiction over the person of the defendant, where its invalidity does not appear from the judgment-roll, may be vacated upon motion within a reasonable time after its entry, and at least within the time limited by section 473 of the Code of Civil Procedure. What is the extreme limit of time allowed for such motion, not decided.

ID.—EQUITABLE REMEDY—FORECLOSURE OF CERTIFICATE OF PURCHASE OF STATE LANDS—RIGHTS OF THIRD PARTIES.—A judgment foreclosing a certificate of purchase of state lands should not be set aside on motion of a corporation, to whom the lands embraced in the certificate had been transferred prior to the commencement of the action, after the lapse of twelve years from the date of the judgment, during which time the conveyance to the corporation had not been recorded, nor the register of the state land office notified thereof, where it appears that five years previous to the motion the state had sold part of the lands to a third party, who had conveyed the same to persons in actual possession, under recorded deeds, who had expended a large sum upon the property without knowledge or notice of any claim of the corporation, and the fact is controverted as to whether the corporation had knowledge or notice of their possession and improvements; but, under these circumstances, the corporation should be left to its remedy by an equitable action.

APPEAL from an order of the Superior Court of El Dorado County refusing a motion to set aside and vacate a judgment.

The facts are stated in the opinion.

*H. A. Powell,* for Appellant.

*Prentiss Carpenter,* and *Charles A. Swisler,* for Respondents.

HAYNES, C.—Appeal from an order refusing a motion to set aside and vacate a judgment.

On October 12, 1880, the state commenced an action in the superior court of El Dorado county against the appellant, W. O. Thomas, to foreclose a certificate of purchase of certain state lands, issued to him in 1875, and in which action judgment was rendered against said Thomas on the 27th of December, 1880.

Prior to the commencement of that action, Thomas conveyed the lands embraced in said certificate to the El Dorado Slate Company, a corporation, and on Sep-

tember 21, 1892, said corporation served notice of a motion to set aside and vacate the said judgment upon the ground that the said judgment is void, the court never having acquired jurisdiction of the defendant. Attached to the notice, an affidavit was served, which contained a copy of all the entries made upon the register of actions of said court in said cause, in which record no mention was made of any affidavit for an order of publication of the summons, nor of any order made by the court for such publication, and it is alleged that no such affidavit or order was ever made or filed.

The affidavit further alleges that the defendant, Thomas, was, at the time of the commencement of the action, and for more than a year after the judgment was entered, a nonresident of this state.

It is also contended that the service of summons was made under section 3549 of the Political Code, whereas it should have been made under the Code of Civil Procedure.

A judgment, however, is void upon its face only when that fact is made apparent by an inspection of the judgment-roll (*Hahn* v. *Kelly*, 34 Cal. 404; *Jacks* v. *Baldez*, 97 Cal. 91), and as these objections do not appear upon the judgment-roll they do not show that it is void upon its face.   The affidavit required by section 412 of the Code of Civil Procedure, and the order that the service be made by publication of the summons, if they had been made, constituted no part of the judgment-roll, and their absence, therefore, does not show the invalidity of the judgment when examined in the light of the judgment-roll alone.   (*In re Newman*, 75 Cal. 220; 7 Am. St. Rep. 146.)

It is contended, however, that the affidavit showing the publication of the summons, which is part of the judgment-roll, is insufficient, as it was made by the "publisher" and not by "the printer or the foreman or principal clerk" as required by section 415 of the Code of Civil Procedure.   We think this objection is not well taken.   In *Sharp* v. *Daugney*, 33 Cal. 513, it is said:

"And the further objection that the affidavit was made by a publisher and proprietor and not by the printer, foreman, or principal clerk is fully met by *Bunce* v. *Reed*, 16 Barb. 347. It was held in that case that, for the purposes of the question, printers and publishers might be considered synonymous, the latter being within the spirit of the statute. An affidavit which should fail to show that the affiant had any relations to the paper might demand, if unaided by other portions of the judgment-roll, a different consideration."

In *Menard* v. *Crowe*, 20 Minn. 452, upon this question the court said:

" Ordinarily, and therefore presumably, the publisher of a paper is the printer, in the sense of being the person for whom, as principal, and by whose servants, the paper is printed. So that, without going as far as *Bunce* v. *Reed*, 16 Barb. 347, where it is held that publisher and printer are synonymous, it would be enough for this case to say that the ordinary presumption that the publisher of the paper is the printer in the sense above is not overcome by any showing to the contrary"; citing *Sharp* v. *Daugney*, 33 Cal. 513. (See, also, *Kipp* v. *Cook*, 46 Minn. 537, where the same authorities are followed.)

The proof of publication of the summons being sufficient no ground is suggested by appellant upon which it can be said that the judgment is void upon its face.

Appellant contends that even though the judgment-roll does not disclose the invalidity of the judgment, that his attack upon the judgment being direct, and not collateral, the motion should have been granted; and *People* v. *Mullan*, 65 Cal. 396, and *People* v. *Greene*, 74 Cal. 400, 5 Am. St. Rep. 448, are cited in support of this contention.

That a judgment void upon its face may be vacated at any time upon motion is well settled; and it is also clear that a judgment in fact void for want of jurisdiction over the person of the defendant, where its invalidity does not appear from the judgment-roll (as where

the summons was served upon a third person, and the return shows service upon the defendant) may be vacated upon motion, at least within a reasonable time after its entry. (*Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 394.) The time within which a judgment, the invalidity of which does not appear upon its face, may be set aside upon motion seems not to have been definitely determined further than that it may be done within the time limited by section 473 of the Code of Civil Procedure. (See *People* v. *Harrison,* 84 Cal. 607, and concurring opinion of Mr. Justice McFarland at page 610; *People* v. *Blake,* 84 Cal. 611; *Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 394.)

It is not necessary to decide in this case whether there is any limit to the time within which such motion may be sustained, or to fix such limit, if there is one, since the circumstances of the case point to another and more appropriate remedy, viz: an equitable action to vacate the judgment; and these circumstances, I think, should be held a sufficient justification of the denial of the motion, even if it be conceded that mere lapse of time should not defeat the motion.

The land sold by the state to Thomas was the west half of section 36. On June 4, 1875, Thomas sold and conveyed the same lands to the El Dorado Slate Company; but this conveyance was not recorded until August, 1892, nor was the register of the state land office notified thereof. In January, 1887, the state sold the northwest quarter of the northwest one-quarter of said section to one Reeg, who afterwards, in February, 1888, conveyed the same to Mothersole and Perine, and their deed was recorded in April of the same year. Mothersole and Perine allege in their affidavit that they have been in the actual possession and occupation of said quarter section ever since their purchase; that they have expended more than thirty thousand dollars upon the property; that they had no knowledge or notice of any claim thereto by the El Dorado Slate Company, but that the slate company had knowledge during all that

time of their possession and improvements, and claim title by adverse possession; and the slate company deny that they had such knowledge or notice.

Under these circumstances I think that the appellant should be left to its remedy by an equitable action, that upon that ground its motion was properly denied, and that the order appealed from should be affirmed.

BELCHER, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., DE HAVEN, J.