[Civ. No. 928.   First Appellate District.—February 20, 1912.]

GERMAN SAVINGS AND LOAN SOCIETY, Appellant, v. JOSEPH E. BIEN et al., Defendants; DORA PEYSER, Respondent.

JUDGMENT—MOTION TO VACATE FOR WANT OF SERVICE OF SUMMONS—AFFIDAVIT OF MERITS NOT REQUIRED.—Where a motion to vacate a judgment by default is promptly made upon the ground that the defendant has never been served with summons, and that the court did not obtain jurisdiction over the defendant, no affidavit of merits is required; and an objection upon appeal from an order granting the motion that an affidavit of merits served and filed with the motion was insufficient cannot be considered.

ID.—BENEFIT OF CODE SECTION NOT INVOKED—MERITORIOUS DEFENSE NOT REQUIRED—ABSOLUTE RIGHT TO VACATE VOID JUDGMENT.—In such case the moving party is not invoking the benefit of section 473 of the Code of Civil Procedure, but is asking for the absolute right to have a judgment in fact void vacated and set aside and is not required to show that he has a meritorious defense to the action as a condition to the granting of such right.

ID.—CONFLICTING EVIDENCE AS TO SERVICE OF SUMMONS—STATEMENT OF COURT—IMPLIED CONTRARY FINDING.—Where the motion to

vacate the judgment was heard upon affidavits and oral testimony, which was in absolute conflict as to whether or not the moving party had been served with summons, the statement by the court at the close of the evidence as to its opinion that the defendant had been served with summons, which was not signed or filed as a finding of fact, could not conclude the court from subsequently making a finding contrary thereto, which was impliedly done when the court vacated the judgment, which could only be done upon the ground stated in the notice of motion, that the moving party had never been served with process.

ID.—IMPLIED FINDING SUPPORTED BY EVIDENCE.—The implied finding was supported by the evidence of the respondent, though in direct conflict with that of the appellant.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a motion to vacate a judgment. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Goodfellow, Eells & Orrick, for Appellant.

Henry J. Brodsky, for Respondent.

HALL, J.—Defendants were sued as indorsers of a promissory note. Upon proof of personal service of summons and copy of complaint upon defendant, Dora Peyser, her default was regularly entered on the fourteenth day of July, 1910, and on the thirtieth day of July, 1910, judgment was entered against her upon said default for the sum of $1,975.36.

On the twenty-fourth day of August, 1910, said Dora Peyser gave notice of a motion to vacate said judgment, upon the ground that she had never been served with the summons or complaint. The court, after a hearing upon the motion, granted the same, and plaintiff has appealed to this court from such order.

Appellant claims that the affidavit of merits filed and served by defendant with her notice of motion was insufficient, and that for this reason the court erred in granting the motion.

Where as in this case the motion to vacate a judgment is promptly made upon the ground that the defendant has never been served with summons, and that the court therefore did not obtain jurisdiction over the defendant, no affidavit of

merits is required.  In such case the moving party is not invoking the benefit of section 473, Code of Civil Procedure, but is asking for the absolute right to have a judgment in fact void, vacated and set aside, and is not required to show that he has a meritorious defense to the action as a condition to the granting of such right.  (*Norton* v. *Atchison etc. R. Co.*, 97 Cal. 388, [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452]; *Toy* v. *Haskell*, 128 Cal. 558, [79 Am. St. Rep. 70, 61 Pac. 89]; *Crescent Canal Co.* v. *Montgomery*, 124 Cal. 134, [56 Pac. 797]; *Waller* v. *Weston*, 125 Cal. 201, [57 Pac. 892].)

This brings us to the principal point urged for reversal, which is that upon the record it appears that respondent was in fact served with process.

The motion was heard upon affidavits and oral testimony. The evidence given pro and con upon the question as to whether respondent was served with process is in absolute conflict.  The bill of exceptions, however, shows that the taking of evidence having been concluded, "The court then stated that in his opinion the defendant Peyser was served as claimed by plaintiff, but expressed doubt as to his power to impose, as a condition to setting aside the judgment, that said defendant should waive the statute of limitations as a defense."

"Counsel for plaintiff then stated that, if desired, he would submit authorities in support of the power of the court to require the defendant to waive the statute of limitations as a condition to setting aside the judgment."

The court thereupon ordered the matter to be submitted, and directed counsel for plaintiff to serve the other side with a copy of such authorities.

Subsequently, upon the twenty-fourth day of September, 1910, the court granted respondent's motion upon condition that she pay plaintiff's costs expended.

Subsequently, upon the fourth day of October, 1910, counsel for plaintiff stating in open court that plaintiff waived such costs, the court made, and caused to be entered, an order, reciting the making of the order of September 24th and the refusal of plaintiff to furnish respondent with such items of costs, and vacating and setting aside the judgment against respondent.

Unless the statement made by the court at the conclusion of the taking of evidence that he was of opinion that respondent

had been served with process, had the effect of a finding of fact, the order finally made by the court after the submission and consideration of the motion must be sustained. For the evidence in the record, as before stated, presents a case of a direct conflict as to whether or not respondent was ever served with process. The statement made by the court as to its then opinion at the conclusion of the taking of evidence cannot be treated as a finding of fact for the purpose of overcoming the finding, necessarily implied from the making of the order vacating the judgment, that respondent was never served with process.

The statement of opinion, relied on as a finding, was not signed or filed as the law requires for findings of fact. It was but the expression of a then entertained opinion, which the court had a perfect right to change upon further consideration of the matter before it. The court was not concluded by such statement from subsequently making a finding contrary thereto. (*Fisk* v. *Casey,* 119 Cal. 643, [51 Pac. 1077].) When the court finally made its order vacating the judgment it impliedly found that respondent had never been served with process. Such was the only ground of the motion, and the motion could not have been granted upon any other ground than such as was indicated in the notice of the motion. (*MacDonald* v. *California Timber Co.,* 151 Cal. 159, [90 Pac. 548].) Such implied finding finds ample support in the evidence given by respondent, though such evidence was strongly controverted by evidence given on behalf of appellant.

We think upon the record before us the order appealed from must be affirmed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.