[Civ. No. 3764.   First Appellate District, Division One.—February 16, 1921.]

In the Matter of the Estate of GEORGE B. SEAMAN, Deceased. RUSSELL G. SEAMAN, Executor, etc., Appellant, v. BANK OF SAUSALITO, Respondent.

[1] ESTATES OF DECEASED PERSONS — PROBATE OF WILL — COUNTY OTHER THAN RESIDENCE—ATTACK BY CREDITOR.—While a creditor as such is not a person interested in a will or entitled under the provisions of section 1307 of the Code of Civil Procedure to contest its probate, he has such an interest in the estate as to entitle him to resist its probate in a county other than that in which the deceased was a resident at the time of his death.

[2] ID.—VACATION OF ORDER—RIGHT OF CREDITOR.—Where a will has been admitted to probate in the wrong county, and the creditor has been thereby deprived of an opportunity to present his claim, and he makes a timely and satisfactory showing, he is entitled to have the order vacated and set aside so as to give him an opportunity to be heard in the matter.

[3] ID.—PROCEDURE TO VACATE ORDER—AFFIDAVITS.—A motion to vacate an order admitting a will to probate in the wrong county based upon the alleged fraud of the executor is to be made and determined on affidavits.

[4] JUDGMENT—LACK OF JURISDICTION—MOTION TO VACATE.—A judgment or order may be set aside on the ground of fraud, mistake, or lack of jurisdiction independently of section 473 of the Code of Civil Procedure, when the motion is based on such ground and is seasonably made.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating an order admitting probate of a will. Frank H. Dunne, Judge. Affirmed.

The facts are stated in the opinion of the court.

James H. Boyer for Appellant.

George H. Harlan for Respondent.

KERRIGAN, J.—This is an appeal from the order granting the motion of the Bank of Sausalito, a creditor of the estate of George B. Seaman, deceased, to vacate an order admitting to probate the last will of deceased. The motion was based on alleged fraud practiced upon respondent by Russell G. Seaman, the executor of the estate, and also upon the grounds of surprise, mistake, and excusable neglect of the respondent and its officers caused by said fraud. The motion was heard and submitted upon affidavits filed on behalf of the respondent and upon its proposed verified answer. According to said affidavits, which were undisputed, the deceased at the time of his death was a resident of Marin County, and was indebted to the respondent in the sum of two thousand five hundred dollars, secured by a mortgage on real property standing in the name of and belonging to the deceased and situated in said county, a proceeding to foreclose which had been pending for some time. It also appears that the will of the deceased was filed for probate in the city and county of San Francisco, and that the filing of the same there was fraudulently concealed from the respondent, the officers of which did not learn of the filing of said will until the time had elapsed for the filing of claims.

This is not a proceeding, as appellant appears to contend, to contest the will or its probate. Its purpose is merely to set aside the order admitting the will to probate so that the respondent may be heard on the proposition as to which county, Marin or San Francisco, has jurisdiction of the administration of the estate.

[1] It must be conceded that a creditor as such is not a person interested in the will or entitled under the provisions of section 1307 of the Code of Civil Procedure to contest its probate, but it cannot be seriously doubted, we think, that such creditor has such an interest in the estate that he would be entitled to resist its probate in a county other than that in which said decedent was a resident at the time of his death. [2] If this be true, it follows that where, as here, it is made to appear that the will has been admitted

to probate in the wrong county, and the creditor has been thereby deprived of an opportunity to present his claim, and that he has made a timely and satisfactory showing, he is entitled to have the order vacated and set aside so as to give him an opportunity to be heard in the matter.  (*Brownell* v. *Superior Court,* 157 Cal. 703, [109 Pac. 91]; *Levy* v. *Superior Court,* 139 Cal. 590, [73 Pac. 417]; *Bacon* v. *Bacon,* 150 Cal. 477, [89 Pac. 317].)

[3]  It is also established law in this state that motions of this kind are usually made and determined upon affidavits alone, as authorized by section 2009 of the Code of Civil Procedure.  (*Van Loan* v. *Van Loan,* 142 Cal. 423, [76 Pac. 37].)

[4]  The appellant also contends that the order appealed from was based upon the sole ground that the court has no jurisdiction to make the same, and that this is a denial upon all the other grounds specified in the motion, and that lack of jurisdiction is not one of the grounds included in section 473 of the Code of Civil Procedure; hence not a valid ground for such motion.  It is true that in the recitals of the order it is stated that the motion is based on the absence of jurisdiction to admit the will to probate. The notice of motion, however, was not so limited, and it appears to us on a reading of the whole order that this reference to the grounds of the motion, reciting one of them, was only intended to be a formal reference to such motion, and that the court's order thereon being, as it is, general in terms, may be supported by any valid ground contained in the motion.  But even if we construed the order as based on the ground claimed by the appellant, the point is without merit, for under the law in this state a judgment or order may be set aside on the ground of fraud, mistake, or lack of jurisdiction independently of section 473 of the Code of Civil Procedure, when, as here, the motion is based on such ground and is seasonably made. (*Baker* v. *O'Riordan,* 65 Cal. 368, [4 Pac. 232]; *Norton* v. *Atchison, T. & S. F. Ry. Co.,* 97 Cal. 388, [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452]; *People* v. *Thomas,* 101 Cal. 571, [36 Pac. 9].)

The order is affirmed.

Waste, P. J., and Richards, J., concurred.