[Civ. No. 4370. Second Appellate District, Division One.—April 2, 1925.]

SAM BEARD, Appellant, v. LANCASTER MIDWAY OIL COMPANY (a Corporation), Defendant; FRANCESCO VACCA et al., Defendants and Respondents.

CONSOLIDATED PIPE COMPANY (a Corporation), Appellant, v. LANCASTER MIDWAY OIL COMPANY (a Corporation), Defendant; FRANCESCO VACCA et al., Defendants and Respondents.

[1] MECHANICS' LIENS—PERFORMANCE OF LABOR IN DRILLING OIL-WELL UNDER CONTRACT WITH LESSEE—PERSONAL LIABILITY OF OWNERS. The owners of leased property are not personally liable for the amount of liens for work done and labor furnished in the performance of contracts made by the lien claimants with the lessee in connection with the drilling of an oil well on the leased property.

[2] ID.—LIABILITY OF OWNERS—CONSTRUCTION OF SECTION 1183, CODE OF CIVIL PROCEDURE.—The effect of section 1183 of the Code of Civil Procedure which, after stating that persons performing labor upon a mining claim or upon any real property worked as a mine have a lien thereon for the value of such work or labor done or materials furnished, declares that every contractor or other person having charge of any mining or work or labor performed in and about such property, either as lessee or under a working bond

or contract thereon, "shall be held to be the agent of the owner for the purposes of this chapter," is limited to the establishment of a lien upon the owner's property, under the stated conditions, and does not extend to the point of imposing personal liability upon the owner as a party to the contract.

[3] ID.—DEED OF TRUST—RECORDATION—PRIORITIES—LEASES.—The lien of a deed of trust is prior and superior to the liens of persons who have done work and furnished labor in performance of contracts made by them with a lessee in connection with the drilling of an oil-well on the leased property, where the trust deed was recorded prior to the execution of the lease, and prior to the transactions between the mechanic's lien claimants and the lessee; and the fact that the beneficiary under the trust deed, by its vice-president, indorsed on the lease a consent to the execution and delivery of the lease did not constitute a waiver of the priority of its lien as against persons furnishing labor or materials to the lessee.

(1) 40 **C. J.**, p. 1172, n. 89 New, p. 1184, n. 21.    (2) 40 **C. J.**, p. 1172, n. 89 New, p. 1184, n. 21.    (3) 40 **C. J.**, p. 1179, n. 20; 27 **Cyc.**, p. 1171, n. 46.

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry O. Wackerbarth for Appellants.

Bowker & Sheridan for Respondents.

CONREY, P. J.—In these consolidated actions, the plaintiffs obtained a decree foreclosing liens held by them under the Mechanic's Lien Law, on account of work done and labor furnished in performance of contracts made by the plaintiffs with defendant Lancaster Midway Oil Company in connection with the drilling of an oil well on property leased to the company. The lease was made by defendants Francesco Vacca, Guiseppe Vacca, and Pasquale Vacca, who owned the property subject to a recorded deed of trust made by the owners to defendants Giannini and Pedrini, as trustees under a deed of trust given to secure a loan made to the owners by defendant Bank of Italy. [1] The plaintiffs have appealed from those portions of the decree of foreclosure whereby the court refused to allow a personal judgment

against the defendant owners of the land, and from that portion of the decree which adjudged the right, claim or lien of the defendant Bank of Italy, under its deed of trust, to be prior and superior to the liens of the plaintiffs.

In support of their demand for personal judgment against the owners of the land, appellants rely upon that part of section 1183 of the Code of Civil Procedure which, after stating that persons performing labor upon a mining claim or upon any real property worked as a mine have a lien thereon for the value of such work or labor done or materials furnished, declares that every contractor or other person having charge of any mining or work or labor performed in and about such property, either as lessee or under a working bond or contract thereon "shall be held to be the agent of the owner for the purposes of this chapter."

[2]   We are satisfied that the effect of said section 1183 is limited to the establishment of a lien upon the owner's property, under the stated conditions, and does not extend to the point of imposing personal liability upon the owner as a party to the contract.   There is nothing in the decisions cited (*Higgins* v. *Carlotta Gold Min. Co.*, 148 Cal. 700 [113 Am. St. Rep. 344, 84 Pac. 758]; *McClung* v. *Paradise Gold Min. Co.*, 164 Cal. 517 [129 Pac. 774]) tending to support the contention that the owners are made personally liable for the debt.

[3]   The trust deed was recorded prior to the execution of the lease, and prior to the transactions between appellants and the oil company. The fact that the Bank of Italy, by its vice-president, indorsed on the lease a consent to the execution and delivery of the lease, did not constitute a waiver of the priority of its lien as against persons furnishing labor or materials to the lessee.

The trust deed being of record before the liens of appellants attached to the property, the prior right of the trustees and of the bank is clearly recognized by section 1186 of the Code of Civil Procedure, which provides only that "the liens provided for in this chapter" are preferred to any lien, mortgage, or other encumbrance which may be attached subsequent to the time when the structure was commenced or work done or materials were commenced to be furnished, and to any lien, mortgage, or other encumbrance of which the lienholder had no notice, and which was unrecorded at the time

when the structure was commenced, work done or materials commenced to be furnished. We have found no reason or authority tending to support the claim of appellants that the provisions of said section 1186 do not apply to claims like the present claims arising under section 1183 of the Code of Civil Procedure.

The judgment is affirmed.

Curtis, J., concurred.