[Civ. No. 1045. Fourth Appellate District.—August 15, 1933.]

SAM SHELLEY, Appellant, v. CASA DE ORO, LTD. (a Corporation), Defendant; MALESA DEVELOPMENT COMPANY (a Corporation), Respondent

Sanders & Jacques for Appellant.

Hamilton, Lindley & Higgins for Respondent.

BARNARD, P. J.—In this action to foreclose a mechanic's lien, the complaint alleged that the plaintiff entered into a written contract with Casa De Oro, Ltd., for the installation of a sprinkling system on certain described land. Malesa Development Company and a third corporation were joined as defendants, it being alleged that all three defendants were the owners of the land. An attorney entered an appearance for "the defendants", and later the action was dismissed as to the third corporation. After a trial, the court entered a judgment on May 21, 1932, denying the claim of a mechanic's lien on the ground that notice had been filed too late but giving a personal judgment for the amount claimed against the two remaining defendants.

On June 22, 1932, the Malesa Development Company gave notice of a motion to vacate and set aside this judgment upon the ground that no summons had been served upon it, that no appearance had been made by it or by anyone authorized by it to appear, and that the purported appearance by the attorney referred to was entirely without its

722

authorization and without its knowledge or consent. After a hearing upon the records and files in the action and upon certain affidavits, the court granted the motion and vacated and set aside the judgment referred to. From that order this appeal is taken.

It was stipulated and is conceded that the respondent was never served with summons and while the appellant maintains that the evidence produced upon the hearing was not sufficient to overcome certain recitals in the judgment to the effect that the "defendants" appeared by an attorney, the affidavits contain ample proof that the attorney referred to was never authorized to appear for the respondent, including an affidavit by him admitting that he was not authorized to so appear and stating the reasons why the mistake was made.

It is urged by the appellant that this evidence was improperly received, that this was a collateral and not a direct attack upon the judgment and, for that reason, no facts *dehors* the record could be received. It is well settled that such a motion as this is a direct and not a collateral attack upon the judgment, notwithstanding the consideration of other evidence. (*Merced County* v. *Hicks,* 67 Cal. 108 [7 Pac. 179]; *Norton* v. *Atchison etc. Ry Co.,* 97 Cal. 388 [30 Pac. 585, 32 Pac. 452, 33 Am. St. Rep. 198]; *People* v. *Thomas,* 101 Cal. 571 [36 Pac. 9]; *People* v. *Western Meat Co.,* 13 Cal. App. 539 [110 Pac. 338]; *Sharp* v. *Eagle Lake Co.,* 60 Cal. App. 386 [212 Pac. 933]; *In re Dahnke,* 64 Cal. App. 555 [222 Pac. 381].)

It is further urged that a judgment may not be set aside under these circumstances in the absence of an affidavit of merits. The motion was made in part upon the record and files in the action and not only does a sufficient showing of merits appear therefrom but it is well settled that a judgment may be set aside without a showing as to the merits where application is promptly made and where the court has not acquired jurisdiction through the service of summons or through voluntary appearance. (*Norton* v. *Atchison etc. Ry. Co., supra; Crescent Canal Co.* v. *Montgomery,* 124 Cal. 134 [56 Pac. 797]; *Toy* v. *Haskell,* 128 Cal. 558 [61 Pac. 89, 79 Am. St. Rep. 70]; *German Sav. etc. Soc.* v. *Bien,* 18 Cal. App. 267 [122 Pac. 1096].)

■ It is next urged that the respondent waived any objection as to jurisdiction by making, in fact, a general appearance and we think this contention must be sustained. The notice of motion to set aside the judgment states six grounds or reasons upon which it was based. The first five relate entirely to the facts that the respondent had not been served, had not appeared and had authorized no one to appear for it. The sixth ground is as follows: "For the reason and upon the ground that said judgment is not sustained by the Findings of the Court in said action, but is contrary thereto." It seems to be settled in this state that the inclusion in the motion of any ground inconsistent with the sole claim that the judgment is entirely void for want of jurisdiction of the person is sufficient to convert the attempted special appearance into a general appearance. (*Security Loan & Trust Co.* v. *Boston etc. Fruit Co.*, 126 Cal. 418 [58 Pac. 941, 59 Pac. 296]; *Olcese* v. *Justice's Court*, 156 Cal. 82 [103 Pac. 317]; *Taylor* v. *Superior Court*, 93 Cal. App. 445 [269 Pac. 727].)

■ Finally, it is urged that the respondent is estopped to deny the validity of the judgment originally entered in this case because it is a joint owner of the real property on which a lien was sought to be established and, therefore, a trial could avail the respondent nothing. Neither reason nor authority is given why a party should be estopped from denying the validity of a personal judgment when it appears from the judgment-roll alone that no personal judgment should have been entered against him. In other words, it matters not whether the appearance be special or general if it appears that the judgment should not have been entered and was properly set aside. The complaint is one to foreclose a mechanic's lien. It alleges that the plaintiff entered into a written contract with Casa De Oro, Ltd., to furnish certain labor and material for the installation of a sprinkling system on certain land; that the plaintiff installed the equipment; that under the terms of the agreement Casa De Oro, Ltd., agreed to pay to the plaintiff a certain sum; and that this amount was still owing and unpaid. It is alleged that the three defendants "were owners and/or reputed owners of the lands hereinbefore described". Judgment is prayed against "the defendants" for the sum named; that this amount "be adjudged a lien upon the land and premises

hereinbefore described"; and that the lands be sold and the plaintiff have execution for any deficiency. The court found that the plaintiff entered into a written contract with Casa De Oro, Ltd., for the installation of this sprinkling system; that more than ninety days elapsed between the completion of the system and the recording of the mechanic's lien notice; that the claim of lien was barred; and that Casa De Oro, Ltd., and this respondent were the owners of the land. Based upon these findings a personal judgment was entered against Casa De Oro, Ltd., and the respondent. It thus appears that neither the findings nor the complaint are sufficient to support a personal judgment against the respondent since nothing therein shows or even indicates any personal liability upon its part. Where an inspection of the judgment-roll is sufficient to disclose the invalidity of a judgment, the same may be set aside on motion. (*In re Dahnke, supra.*) It does not appear from the record just how or in what manner the two corporations named were "owners" of the land referred to. If Casa De Oro, Ltd., was purchasing the land from the respondent, the latter would not be personally liable, not having joined in the contract. (*Pilstrand* v. *Greenamyre,* 34 Cal. App. 799 [168 Pac. 1161].) If the two owners were cotenants the one had no power to bind the other by contract. (*Wagoner* v. *Silva,* 139 Cal. 559 [73 Pac. 433]; *Nielson* v. *Gross,* 17 Cal. App. 74 [118 Pac. 725]; *Sarina* v. *Pedrotti,* 103 Cal. App. 203 [284 Pac. 472].)

In a mechanic's lien action, a personal judgment against an owner where there is no contractual liability between such owner and the claimant is erroneous. (*Roberts* v. *Security T. & S. Bank,* 196 Cal. 557 [238 Pac. 673]; *Beard* v. *Lancaster Midway Oil Co.,* 72 Cal. App. 148 [236 Pac. 970].) While it has been held that an owner may be personally liable in such a case, where the party contracting for the improvement is merely his agent (*Ridens* v. *Economy Home Builders, Inc.,* 104 Cal. App. 677 [286 Pac. 481]), nothing in either the complaint or the findings hints of such a situation here. This complaint is based solely on a written contract with one of the owners and nothing appears to in any way indicate the existence of any express or implied contract with the respondent. Under such circumstances the judgment was erroneous and was properly

set aside. (*Giant Powder Co.* v. *San Diego Flume Co.*, 78 Cal. 193 [20 Pac. 419]; *Golden Gate B. M. Co.* v. *Fireman*, 205 Cal. 174 [270 Pac. 214].)

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 13, 1933.