LUIS E. BAS, ETC., Petitioner and Appellant, v. MUNICIPAL COURT OF CAYEY, ETC., Respondent, and JOSÉ HOYOS LAVÍN, Intervenor and Appellee.

No. 6047. Argued February 11, 1936.—Decided July 8, 1936.

*E. García Capella* for appellant.   *M. Guzmán Texiaor* for intervenor and appellee, plaintiff in the principal suit.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Luis E. Bas appeals from a judgment whereby a district court annulled a writ of certiorari previously issued to a municipal court.

The first assignment is that the district court erred in holding that the municipal court acquired jurisdiction over the person of defendant.   Defendant, in the municipal court, attempted a special appearance for the sole purpose of challenging the sufficiency of the summons and of the service thereof.   At the same time, however, he filed a demurrer, an answer and a motion for a change of venue.   The Law of 1921 (Session Laws of that year 112) "Establishing

special proceedings in the municipal courts of Puerto Rico, and for other purposes'' did not abrogate the general rule which is well stated in *Security Co.* v. *Boston Co.*, 126 Cal. 418 as follows:

"If a party defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all purposes except to make that objection. If he raises any other question, or asks for any relief, which can only be granted upon the hypothesis that the court has jurisdiction of his person, his appearance is general, though termed special, and he thereby submits to the jurisdiction of the court as completely as if he had been regularly served with summons."

See also *Aparicio Brothers* v. *H. C. Christiansen*, 23 P.R.R. 457; *Gómez* v. *Board*, 40 P.R.R. 635; *Sommer* v. *Unknown Heirs of Hahn*, 161 Pac. 298; *Thompson* v. *Alford*, 128 Cal. 227; *Shelley* v. *Casa de Oro*, (Cal. App.), 24 P. (2d) 900.

■ The second assignment is that the district court erred in holding that an attachment bond, filed in a municipal court, was sufficient and that the attachment issued after the filing of such bond was valid.

The fact that the municipal judge did not endorse upon the bond his approval thereof in writing before issuing the attachment did not invalidate the writ. 6 C. J. 172, Section 311.

■■ A more serious objection was that neither of the sureties stated in his affidavit that he paid taxes as owner of the real estate referred to in such affidavit. Section 6 of "An Act to secure the effectiveness of judgments", approved March 1, 1902 (Code of Civil Procedure 1933 ed. 99) provides that:

"Personal security can only be given by such persons as pay into the treasury of Porto Rico, in the capacity of real estate owners, a tax on property representing a capital double the value of the bond required by the court for ordering the remedy."

This is a jurisdictional pre-requisite. If the sureties do not pay taxes on real property worth double the amount of the undertaking, the bond is an absolute nullity. Hence, the importance of requiring a satisfactory showing in this respect as a condition precedent to approval of the bond. The question as to whether or not an unsatisfactory showing is a fatal defect or susceptible of amendment is not so clear. If the surety does not pay taxes on the required amount of real property as the owner thereof, the defect in the affidavit can not be cured by amendment. Manifestly, if the fact be otherwise the omission can be readily supplied. Authorities are not wanting for the view that mere irregularities are waived by answering to the merits, and, in the instant case, the question was raised for the first time after judgment.

In the instant case each of the sureties stated under oath that he was the owner of real estate worth more than double the amount of the undertaking exclusive of all charges, liens and encumbrances. The *sine qua non* of the statute is the payment of taxes, not ownership. We can not say that ownership is synonymous with the payment of taxes as owner. The probability is that the owner of real property pays the taxes thereon as the owner thereof. When such payment is a statutory condition precedent to the validity of an attachment bond, however, the fact can not be left to inference or conjecture.

We are not prepared to say that the omission in the instant case was a mere irregularity or that the motion to dissolve the attachment because of the invalidity of the attachment bond came too late. On the other hand, in view of the strong probability that the sureties were as a matter of fact paying taxes on their real property, plaintiff should be given an opportunity to supply the omission in the affidavits, if he can, before dissolution of the attachment.

The judgment appealed from and the ruling of the municipal court on defendant's motion to dissolve the attachment will be reversed and the case remanded for further proceedings not inconsistent herewith.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.